the Illinois Supreme Court, Ill. Rev. Stat., c. 110A, § 68 (1973).[2] Since it appears that Illinois has offered even-handed treatment, I accordingly join in the denial of certiorari.

No. 73–1387. FITHIAN v. FITHIAN, *ante*, p. 825;

No. 73–1559. FAIRVIEW NURSING HOME v. NATIONAL LABOR RELATIONS BOARD, *ante*, p. 827;

No. 73–1624. ANDREA DUMON, INC., ET AL. v. CLAIROL, INC., *ante*, p. 873;

No. 73–1657. ESTATE OF MEADE ET AL. v. COMMISSIONER OF INTERNAL REVENUE, *ante*, p. 882;

No. 73–1709. SNEIDERS v. HENRY, *ante*, p. 832;

No. 73–1713. SMYZER v. KENTUCKY, *ante*, p. 832;

No. 73–1741. PERSICO ET AL. v. UNITED STATES, *ante*, p. 924;

No. 73–1756. BIDDLE, ADMINISTRATRIX v. BOWSER, *ante*, p. 834;

No. 73–1826. PETTITT ET UX. v. CITY OF FRESNO ET AL., *ante*, p. 810;

No. 73–1935. PAYNE, A MINOR, BY PAYNE v. CITY OF FORT LAUDERDALE ET AL., *ante*, p. 875;

No. 73–1953. CANNON v. OVIATT, *ante*, p. 810;

No. 73–2061. SMITH v. UNITED STATES, *ante*, p. 964;

No. 73–6625. COULTER v. UNITED STATES, *ante*, p. 850;

No. 73–6629. PRYOR v. UNITED STATES, *ante*, p. 977; and

No. 73–6710. ZAUN ET UX. v. FANN, SHERIFF, ET AL., *ante*, p. 854. Petitions for rehearing denied.

---

[2] Statements filed by judges are not automatically open to public inspection, but litigants in a particular case may ascertain, through an administrative procedure, whether a judge has had an economic interest in the outcome. Ill. Rev. Stat., c. 110A, §§ 66–68 (1973).