**William A. ABLES, Jr., Appellant,**

v.

**Elizabeth Jane ABLES, Appellee.**

No. 5622.

Court of Civil Appeals of Texas, Waco.

Aug. 19, 1976.

Joseph F. Sage, Deane & Sage, Inc., San Antonio, for appellant.

Cheryl L. Wilson, Price & Wilson, San Antonio, for appellee.

HALL, Justice.

In the judgment granting the wife's petition for divorce, the trial court awarded her 50% of the retirement pay to which the husband is entitled by reason of his service of 30 years in the United States Air Force during the marriage. The husband assigns error to this award asserting that because he served as a regular officer in the military and not as a reserve officer his retirement pay will be compensation for continued service after retirement and is not a presently vested community property right subject to division between the parties. We overrule this contention and affirm the judgment.

In support of his contention the husband argues that, unlike reserve officers whose retirement severs their connections with the military and entitles them to retirement benefits, regular officers retire only from active duty and remain members of the military subject to continuing controls of the government which materially affect their right to pay after retirement. He points to these facts, among others: Regular officers may be recalled to active duty. 10 U.S.C. § 8504 (1970). They may be court-martialed for violations of the Uniform Code of Military Justice committed during retirement. 10 U.S.C. § 802 (1970). If proper, upon conviction they may be punished with dismissal from the service and

forfeiture of all pay and allowances. *Hooper v. United States*, 326 F.2d 982, 164 Ct.Cl. 151 (1964), cert. denied, 377 U.S. 977, 84 S.Ct. 1882, 12 L.Ed.2d 746 (1964). They are subject to the Federal Dual Compensation Act, 5 U.S.C. § 5532(b) 1970, which provides for the reduction of a regular officer's retired pay if he accepts other federal employment.

The husband says these facts and others he refers to show that the retired regular military officer does not have the unrestricted right of use, enjoyment and disposal of his accrued retired pay sufficient to constitute it a vested property right or class it as a pension for past services, and that they conclusively establish that retired pay for regular officers is current salary earned on a monthly basis.

■ The possibility that a property may be subject to total or partial forfeiture does not destroy its character as a vested property right for the purposes of division on divorce. The fact that it may be forfeited is indicative it is presently vested. Otherwise, a discussion of the conditions resulting in divestment would be meaningless. "Only rights in existence can be forfeited." *Mora v. Mora*, 429 S.W.2d 660, 662 (Tex.Civ.App. —San Antonio 1968, writ dism'd).

■ An officer in military service, whether regular or reserve, is entitled to retirement pay only if he serves the requisite number of years of active duty. 10 U.S.C. § 8911. No right to retirement pay accrues under the code until the officer, whether regular or reserve, has served the minimum required term of 20 years. Once the right is vested by term of service, the officer, whether regular or reserve, is eligible to receive retired pay simply by retiring. It is not conditioned on any post-retirement service.

There would have been no property in the form of retired pay for the court's consideration here if the husband had not served the minimum of 20 years required by the code. It is apparent, therefore, the real consideration for the husband's right to retirement pay will not be post-retirement

service. Rather, it is his 30-year tenure of active duty already served. This service was rendered and the right was earned during the marriage of the parties. Accordingly, his retirement pay was vested community property subject to division by the court at the time of the divorce. *Busby v. Busby*, 457 S.W.2d 551, 554 (Tex.Sup. 1970); *Fithian v. Fithian*, 10 Cal.3d 592, 111 Cal.Rptr. 369, 517 P.2d 449, 456 (1974).

The judgment is affirmed.