CHISNELL v CHISNELL

Docket No. 77-2096. Submitted February 23, 1978, at Detroit.—Decided April 18, 1978. Leave to appeal applied for.

Beatrice M. Chisnell filed for and was granted a divorce from Robert L. Chisnell. In its judgment of divorce the Macomb County Circuit Court, Hunter D. Stair, J., ordered that neither party receive alimony and that all the marital property be sold and the net proceeds be divided equally. The court further awarded plaintiff one-half of the defendant's net monthly military retirement pay as a part of the property settlement. Defendant appeals. *Held:*

1. Military retirement pay is a marital asset which is to be considered and may be divided as a part of a property settlement in a divorce.

2. Fault is still a proper consideration in matters of property division, notwithstanding Michigan's no-fault divorce laws.

Affirmed.

1. DIVORCE—PROPERTY SETTLEMENTS—MARITAL ASSETS—MILITARY RETIREMENT PAY.

A husband's military retirement pay is a marital asset, divisible upon divorce; military retirement pay is primarily deferred compensation for services rendered prior to retirement, and a plaintiff wife in an action for divorce has, through her contribution to the marriage, obtained an interest in the marital asset of the earned retirement pay.

2. CONSTITUTIONAL LAW—DIVORCE—PROPERTY SETTLEMENTS—MARITAL ASSETS—MILITARY RETIREMENT PAY.

A finding that military retirement pay is a marital asset divisible

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur 2d, Divorce and Separation §§ 632, 639, 723.

[3] New Topic Service, Am Jur 2d, No-Fault Divorce §§ 20, 22, 26.

[4] 24 Am Jur 2d, Divorce and Separation §§ 573, 579–581, 583, 584, 587, 588, 596.

Divorce: wife's right to award of counsel fees in final judgment of trial or appellate court as affected by fact that judgment was rendered against her. 32 ALR3d 1227.

Husband's right to alimony, maintenance, suit money, or attorney's fees. 66 ALR2d 876.

upon divorce does not conflict with the supremacy clause of the Constitution by interfering with the exclusive power of Congress to raise and support armies (US Const, art VI, § 2).

3. DIVORCE—FAULT—DIVISION OF PROPERTY—JUDGE'S DISCRETION—
   ABUSE OF DISCRETION.

   Fault is still a consideration in matters of property division, notwithstanding Michigan's no-fault divorce laws, and the consideration by a trial court of fault when determining a property division will not be disturbed absent a showing of an abuse of discretion.

4. DIVORCE—ATTORNEY'S FEES—JUDGE'S DISCRETION.

   The granting of attorney fees in a divorce action is a matter of the trial court's discretion.

*Thomas J. McCallum,* for plaintiff.

*Daner, Freeman, McKenzie & Matthews, P. C.* (by *Gary E. Gendernalik),* for defendant.

Before: J. H. GILLIS, P. J., and BASHARA and D. C. RILEY, JJ.

D. C. RILEY, J. This case involves an issue of first impression in Michigan; *i.e.,* the treatment of military retirement pay in a divorce proceeding. The issue focuses on the question of whether the trial court erred in awarding plaintiff a one-half interest in defendant's net retirement benefits as part of a property settlement where no provision was made for alimony.

Defendant entered the United States Army in 1949 but he left the military in 1953. He re-enlisted in 1955, just prior to his marriage to plaintiff, and retired in 1972 as Chief Warrant Officer, fourth class.

No children were born of this marriage. The parties owned two lots and accumulated personal property, including several cars, a boat, a camper and a car trailer, some of which were encumbered

by loans. In 1975, the plaintiff filed her complaint for divorce.

Following a bench trial, the court awarded plaintiff a divorce providing that neither party receive alimony and that all of the marital property be sold, with the proceeds going first to settle the liens on the property and the remainder to be divided equally between the parties.

The court found that defendant, by virtue of his years of military service, was receiving military retirement pay of $9600 per year. After deducting 20 per cent of this amount for taxes, the court awarded plaintiff, as part of the property settlement, one-half of the net amount, or $320 per month. The payments were ordered to continue until the death of either party.

Defendant contends on appeal that military retirement pay is not a marital asset subject to division in a divorce action property settlement. He argues that the retirement pay is analagous to wages, which can only be considered as a factor in granting alimony. Since no alimony was awarded here, defendant argues, plaintiff has no interest in the net retirement pay.

Although no Michigan case has precisely decided this issue, the parties have referred us to several cases from other jurisdictions where the question has been reached with conflicting results. Our analysis of these decisions leads us to the conclusion that, although the question is subject to considerable debate with defensible arguments on both sides of the issue, the trial court below correctly held that the retirement pay was an asset of the marriage subject to a property division.

It appears to be the uniform holding of the community property states that military retirement pay is community property, subject to divi-

sion upon divorce.[1] The most comprehensive such opinion is that of the California Supreme Court in *In re Marriage of Fithian,* 10 Cal 3d 592; 111 Cal Rptr 369; 517 P2d 449 (1974).

The *Fithian* Court stated that under their community property law, retirement benefits which are earned by one spouse as an element of compensation earned for work done during the course of the marriage are divisible upon dissolution of the marriage. Thus, the threshold issue was whether military retirement pay was intended as deferred compensation for the person's service prior to retirement, or payment for the limited status of the person after retirement.[2] The *Fithian* Court held:

"[M]ilitary retirement pay must be realistically viewed as compensation for past, not present, services. Congress' purpose in creating the retirement pay system was to enhance the morale of the serviceman and to encourage him to remain in the military, and not to compensate him for his limited responsibility to the government after his retirement. Indeed, the amount of retirement pay a serviceman receives bears no relation to any continuing duties after retirement, but is calculated solely on the basis of the number of years served on active duty and the rank attained prior to retirement. (10 U. S. C. § 6323(e).) Moreover, should the serviceman actually be recalled to active duty, he is not only additionally compensated according to the active duty pay scale, but his rate of retirement pay is also increased thereafter. (10 U. S. C. § 1402.) The conclusion

---

[1] *Dominey v Dominey,* 481 SW2d 473 (Tex Civ App, 1972), *Busby v Busby,* 457 SW2d 551 (Tex, 1970), *LeClert v LeClert,* 80 NM 235; 453 P2d 755 (1969), *Wilder v Wilder,* 85 Wash 2d 364; 534 P2d 1355 (1975), *Ramsey v Ramsey,* 96 Idaho 672; 535 P2d 53 (1975).

[2] On retired status, the officer is subject to recall to active status, can be court-martialed for certain conduct and thereby lose the retirement pay, and is subject to various other provisions of Federal law. *See Ables v Ables,* 540 SW2d 769 (Tex Civ App, 1976). *See also, Watson v Watson,* 424 F Supp 866 (EDNC 1976).

is inescapable that retirement pay is awarded in return for services previously rendered and therefore is divisible as community property to the extent the serviceman was married while on active duty." 10 Cal 3d at 604; 111 Cal Rptr at 376–377; 517 P2d at 456–457.

The Court in *Fithian* did not feel that this result was affected by the fact that the officer had not contributed, either directly or in the form of a payroll deduction, to the fund out of which the retirement pay is disbursed. The Court found the question of contribution irrelevant to the ultimate characterization of the benefits.

"Although the retirement fund was noncontributory, husband's rights to the benefits vested during marriage and constituted an integral part of his compensation for service in the military." 10 Cal 3d at 596; 111 Cal Rptr at 371; 517 P2d at 451.

Community property states are not the only jurisdictions to rule that military retirement pay is an asset of the marriage, divisible upon divorce. In *Kruger v Kruger,* 139 NJ Super 413; 354 A2d 340 (1976), the Superior Court of New Jersey, Appellate Division, held that the trial court had correctly distributed a share of the husband's retirement pay to the wife as a portion of the property division. No alimony was awarded.

The *Kruger* Court first considered the practical and financial aspects of terming such pay as an asset of the marriage rather than income to the husband.[3] The Court then cited from a number of

---

[3] These considerations include the tax treatment of property divided upon divorce as opposed to alimony and the wife's right to receive payments after remarriage. In addition, if the pay was treated as income, the entire amount would be available for computation of alimony. If treated as an asset, the wife would have an interest only in that amount of pay that was earned during the years of marriage.

community property cases, including *Fithian, supra,* which held the pay to be a marital asset.
The *Kruger* Court held:

"We therefore conclude that both the retired pay and disability benefits which defendant husband has become irrevocably entitled to receive for the balance of his life constitute assets subject to equitable distribution to the extent that his entitlement thereto is based upon military service rendered during the existence of the marriage." 139 NJ Super at 420; 354 A2d at 344.

We recognize that the result reached by the Courts in *Fithian, supra,* and *Kruger, supra,* is by no means universal. Several jurisdictions have held military retirement pay to be an equivalent to wages, thereby constituting income to the retired spouse that is unavailable for distribution in a property settlement. In *United States v Williams,* — Md App —; 370 A2d 1134 (1977), the Maryland Court of Appeals, after having the question certified to them by the United States District Court, held that for the purposes of Maryland divorce law military retirement pay constitutes wages subject to garnishment for payment of an arrearage in alimony. A similar result was reached in *Watson v Watson,* 424 F Supp 866 (EDNC, 1976), although the state's garnishment law altered the disposition of the case.

In *In re Marriage of Ellis,* 36 Colo App 234; 538 P2d 1347 (1975), *affirmed* — Colo —; 552 P2d 506 (1976), the Colorado Court held that military retirement pay is not marital property since "[a]t no time has it any cash surrender, loan, redemption, or lump sum value". 36 Colo App at 236; 538 P2d at 1349.

Although, as we have stated, no Michigan case has ruled specifically on this issue, the contrasting

points of view in the previously cited cases were
discussed by this Court in *Hutchins v Hutchins,* 71
Mich App 361; 248 NW2d 272 (1976). In *Hutchins,*
the issue was the treatment of the husband's
pension from the Michigan State Police. The Court
noted that the pension question was one of first
impression, so it turned to a consideration of ana-
lagous areas of law and to decisions of other states:

"In our research in community and noncommunity
property states, we find the courts holding that state
pensions, private pensions, profit-sharing trust and *mili-
tary pensions could be properly distributed as property*
under a decree of divorce." (Emphasis added.) 71 Mich
App at 365.

After discussing several of the cases concerning
military retirement pay, and cases dealing with
other forms of pensions, the *Hutchins* Court con-
cluded:

"Returning to the Michigan public safety department
pension, accident and disability fund leads us, as do
other jurisdictions with similar statutes, to the conclu-
sion that it also treats the accumulated deductions in
the husband's account in a manner which makes them
marital property. Here, the plaintiff-husband's interest
was created in most part from his salary, and we agree
with the defendant-wife that these deductions would
have been available to the parties during their mar-
riage to be invested in stocks, bonds, savings account,
annuity and/or other investments. The plaintiff-hus-
band's right in the fund is fully vested and cannot be
subjected to divestment or forfeiture, except as herein
noted for breach of the public trust. We also hold that
it is property that came to the plaintiff by reason of the
marriage and therefore should be included in the total
assets of the parties. As in New Jersey, our divorce laws
make no reference to vesting. See MCLA 552.1 *et seq.;*
MSA 25.81 *et seq.* Therefore, it must be included as an

asset in the distribution of property." 71 Mich App at 370–371.

In the present case, we are persuaded by the decisions in *Fithian, supra, Kruger, supra,* and by analogy in *Hutchins, supra,* that defendant's military retirement pay was correctly categorized as a marital asset and included within the property settlement. As the *Hutchins* Court states, vesting is not a relevant consideration in our divorce laws. We find, as did the Court in *Fithian,* that military retirement pay is primarily deferred compensation for services rendered prior to retirement. This being the case, the fact that defendant did not have to contribute to a retirement pay fund does not distinguish this type of pension from that in *Hutchins.* Congress could have eliminated the retirement pay system and increased the rate of pay during active service. Since the decision was made to provide for retirement benefits, the deferred compensation was not available to the parties during defendant's active service for use in other investments. Therefore, plaintiff, through her contribution to the marriage, obtained an interest in the marital asset of the earned retirement pay.[4] *Hutchins, supra.*

Defendant also contends that a decision by this Court that the retirement pay is a marital asset will conflict with the supremacy clause of the United States Constitution[5] by interfering with Congress' exclusive power to raise and support armies. We note that this contention was answered contrary to defendant's assertions in *In re*

---

[4] We note that, consistent with the decision in *In re Marriage of Fithian,* 10 Cal 3d 592; 111 Cal Rptr 369; 517 P2d 449 (1974), the trial court expressly stated that plaintiff's interest in the retirement pay will cease upon either the death of defendant or her death, whichever occurs first.

[5] US Const, art VI, § 2.

*Marriage of Fithian, supra,* 10 Cal 3d at 596–599; 111 Cal Rptr at 371–373; 517 P2d at 451–453. We concur in that reasoning and find no violation of the supremacy clause.

Defendant asserts that the division of property was inequitable and that the court should not have considered fault when making the property division. Fault is still a consideration in matters of property division, notwithstanding Michigan's no-fault divorce laws. *Kretzschmar v Kretzschmar,* 48 Mich App 279; 210 NW2d 352 (1973). Our reading of the record shows that the court considered fault in calculating the property division. Absent a showing of abuse of discretion, which has not been made here, we will not disturb the court's decision. See *Dougherty v Dougherty,* 48 Mich App 154; 210 NW2d 151 (1973), *Johnson v Johnson,* 346 Mich 418; 78 NW2d 216 (1956).

Defendant finally challenges the trial court's award of $650 in attorney fees to plaintiff. Again, the granting of attorney fees in a divorce action is a matter of discretion. *Gove v Gove,* 71 Mich App 431; 248 NW2d 573 (1976). We find no abuse of that discretion in the present case.

Affirmed.

Costs to appellee.