MAE H. HILL *v.* THEODORE R. HILL, JR.

[No. 1636, September Term, 1979.]

*Decided January 7, 1981.*

The cause was argued before MORTON and MASON, JJ., and E. MACKALL CHILDS, Chief Judge of the Fifth Judicial Circuit, specially assigned.

*Joel Marc Abramson*, with whom were *Talkin & Abramson* on the brief, for appellant.

*Stephen N. Goldberg,* with whom was *Jerome F. Cohn* on the brief, for appellee.

MASON, J., delivered the opinion of the Court.

In this case the principal issue we are asked to decide is whether military retirement pay is "marital property" subject to equitable distribution under subtitle 6A of title 3 of the Courts and Judicial Proceedings Article of the Annotated Code of Maryland (Cum. Supp. 1980).[1]

Mae H. Hill, appellant and cross-appellee, was granted an absolute divorce from Theodore R. Hill, Jr., appellee and cross-appellant, in the Circuit Court for Anne Arundel County. In addition she was awarded alimony, counsel fees, and a monetary award pursuant to subtitle 3-6A-05 (b). The husband who served twenty-seven years in the United States Army until he retired in 1972 receives military retirement pay and veteran's disability pension. During seventeen

---

1. The relevant provisions are:

§ 3-6A-01 (e):

(e) Marital property. — "Marital property" is all property, however titled, acquired by either or both spouses during their marriage. It does not include property acquired prior to the marriage, property acquired by inheritance or gift from a third party, or property excluded by valid agreement or property directly traceable to any of these sources.

§ 3-6A-05 (b):

(b) The court shall determine the value of all marital property. After making the determination, the court may grant a monetary award as an adjustment of the equities and rights of the parties concerning marital property, whether or not alimony is awarded.

years of his service in the military he was married to appellant and cross-appellee.

At the trial below the chancellor refused to permit an economist called by the wife as an expert witness to testify regarding the present value of the husband's military benefits on the basis "that the pension is not subject to the provisions of the Marital Act. . . ." A proffer, however, of the witness' testimony indicated that based on the husband's life expectancy of 19.2 years the present value of his yearly United States Army pension of $8,643.64 was not less than $130,221.00, nor more than $142,803.00. Both parties appeal from the judgment of the lower court.

The wife's sole argument on appeal is that "the chancellor erred by excluding appellee's military retirement benefits and the value thereof in his determination of what property qualified as marital property." Stated another way, the wife contends that the husband's military retirement benefits were an asset of the marriage and should have been included in the computation of the monetary award made in her favor.

Although the question of whether military retirement pay is "marital property" subject to equitable distribution between the parties upon divorce is one of first impression in this State, other jurisdictions have wrestled with this issue and have reached conflicting results. It appears to be the general rule in community property states that military retirement pay is community property subject to division upon divorce. *See Luna v. Luna,* 608 P.2d 57 (Ariz. App. 1980); *Czarnecki v. Czarnecki,* 123 Ariz. 466, 600 P.2d 1098 (1979); *Gorman v. Gorman,* 90 Cal. App. 3d 454, 153 Cal. Rptr. 479 (1979); *In re Marriage of Fithian,* 10 Cal. 3d 592, 517 P.2d 449, 111 Cal. Rptr. 369 (1974), *cert. den.,* 419 U.S. 825, *reh. den.,* 419 U.S. 1060 (1975); *Ramsey v. Ramsey,* 96 Idaho 672, 535 P.2d 53 (1973); *Stephens v. Stephens,* 595 P.2d 1196 (N. M. 1979); *Coote v. Coote,* 592 S.W.2d 52 (Tex. Civ. App. — Fort Worth, 1979); *Payne v. Payne,* 82 Wash. 2d 573, 512 P.2d 736 (1973). The most comprehensive and widely cited case in support of this rule is *In re Marriage of Fithian,* 10 Cal. 3d 592, 517 P.2d 449, 111 Cal. Rptr. 369 (1974), *cert. den.,* 419 U.S. 825, *reh. den.,* 419 U.S. 1060

(1975). In that case the Supreme Court of California in holding that federal military retirement pay was properly the subject of California community property law stated:

> The law is settled in California that retirement benefits which flow from the employment relationship, to the extent they have vested, are community property subject to equal division between the spouses in the event the marriage is dissolved. Underlying the community treatment of retirement benefits is the concept that they do not derive from the beneficence of the employer, but are properly part of the consideration earned by the employee. Thus whether an employee is required to make contributions to the retirement fund is irrelevant to the ultimate characterization of the benefits as community property. Furthermore, the principle that retirement benefits are community property has been held to apply whether the source of the retirement fund lies in a state, federal, military, or private employment relationship. (Citations omitted).

> The conclusion follows that husband's federal military retirement pay must be considered community property in accordance with established principles of California law. Although the retirement fund was noncontributory, husband's rights to the benefits vested during marriage and constituted an integral part of his compensation for service in the military.

*Id.* at 451.[2]

\* \* \*

Apart from the foregoing judicial declarations on tangential issues, military retirement pay must be

---

**2.** The California Supreme Court in In re Marriage of Brown, 15 Cal. 3d 838, 544 P.2d 561, 126 Cal. Rptr. 633 (1976) held that pension rights, whether or not vested, represent a property interest, and to the extent that such rights derive from employment during coverture, they comprise a community asset subject to division in a dissolution proceeding.

> realistically viewed as compensation for past, not present, services. Congress' purpose in creating the retirement pay system was to enhance the morale of the serviceman and to encourage him to remain in the military, and not to compensate him for his limited responsibility to the government after his retirement. Indeed, the amount of retirement pay a serviceman receives bears no relation to any continuing duties after retirement, but is calculated solely on the basis of the number of years served on active duty and the rank attained prior to retirement. (10 U.S.C. § 6323 (e)). Moreover, should the serviceman actually be recalled to active duty, he is not only additionally compensated according to the active duty pay scale, but his rate of retirement pay is also increased thereafter. (10 U.S.C. § 1402). The conclusion is inescapable that retirement pay is awarded in return for services previously rendered and therefore is divisible as community property to the extent the serviceman was married while on active duty.

*Id.* at 456-457.

For cases from noncommunity property states which rely on *Fithian* in holding that military retirement pay and disability benefits are assets of the marriage, divisible upon divorce, *see In re Marriage of Musser,* 70 Ill. App. 2d 706, 388 N.E.2d 1289 (1979); *In re Marriage of Schissel,* 292 N.W.2d 421 (Iowa, 1980); *Chisnell v. Chisnell,* 82 Mich. App. 699, 267 N.W.2d 155 (1978); *In re Marriage of Miller,* 609 P.2d 1185 (Mont. 1980), petition for cert. filed, 49 U.S.L.W. 3273 (U.S. Oct. 14, 1980) (No. 80-291); *Kruger v. Kruger,* 139 N.J. Super. 413, 354 A.2d 340 (1976); *aff'd,* 73 N.J. 464, 375 A.2d 659 (1977).

Contrary to *Fithian* and its progeny, several other jurisdictions have held that military retirement pay is equivalent to wages and is not property or an asset of the marriage subject to distribution upon divorce. The leading case espousing this theory is *In re Marriage of Ellis,* 538 P.2d

1347 (Colo. App. 1975). In that case, the wife in reliance on *Fithian* and other authorities from community property states appealed from a determination of the lower court that retirement pay was not a vested property right subject to division upon divorce, but income of the husband. The Colorado Court of Appeals, in affirming the lower court, held:

> We hold that the husband's army retirement pension and the future retired pay to be received thereunder do not constitute "property" and are, therefore, not subject to division as such under § 14-10-113, C.R.S. 1973. It is a resource of the husband in the nature of income to be received in the future, to be considered in fixing the amount of maintenance and child support which the husband is able to pay as related to the needs of the wife and children, §§ 14-10-114 and 115, C.R.S. 1973, and is to be considered also as any other "economic circumstance" of the husband in determining a just division of the marital property.

*Id.* at 1350.

The rationale undergirding the Court's holding was as follows:

> Army retirement pay is something the soldier has earned, *Berkey v. United States,* 361 F.2d 983, 176 Ct. Cl. 1, and, because he is still subject to recall to active duty, *Lemly v. United States,* 75 F. Supp. 248, 109 Ct. Cl. 760, is still earning as a continuation of active duty pay on a reduced basis, *Hostinsky v. United States,* 292 F.2d 508, 154 Ct. Cl. 443. He has to serve at least 20 years to be eligible to retire, and can elect to retire at any time thereafter. 10 U.S.C. § 3911. This right to retirement pay can be said to have "vested" after 20 years, but he cannot start to draw it until he does retire and is still alive and, therefore, the right is subject to divestment on prior death or discharge.

The amount of retired pay is wholly within the control of Congress, is presently based on rank and length of service at time of retirement, and the retired soldier can expect increases or reductions which may be legislated from time to time. *See* 10 U.S.C. § 1401 a, § 3961, and § 3991; 6 C.J.S. *Army and Navy* § 20 a (7).

The full amount of the retired pay is taxable income' under § 61 (a) (11) of the 1954 Internal Revenue Code. The soldier makes no contributions to any retirement fund, nor is there any such fund under current law. *See* 10 U.S.C. §§ 3911 and 3991.

Army retired pay is not a fixed or tangible asset. At no time has it any cash surrender, loan, redemption, or lump sum value. It is payable monthly, but terminates on death. . . . The right to the pension and the retired pay not yet due and payable cannot be assigned, sold, transferred, conveyed, or pledged.

*Id.* at 1349.

The Supreme Court of Colorado, in affirming the ruling of the Colorado Court of Appeals, said:

We hold, as did the court of appeals, that military retirement pay is not "property" under the dissolution of marriage act. Our reason is that it does not have any of the following elements: cash surrender value; loan value; redemption value; lump sum value; and value realizable after death.

*Ellis v. Ellis,* 552 P.2d 506, 507 (Colo. 1976). *Accord, Paulsen v. Paulsen,* 269 Ark. 523, 601 S.W.2d 873 (1980); *Fenney v. Fenney,* 537 S.W.2d 367 (Ark. 1976); *Hiscox v. Hiscox,* 385 N.E.2d 1166 (Ind. 1979); *Baker v. Baker,* 421 A.2d 998 (N.H. 1980); *Baker v. Baker,* 546 P.2d 1325 (Okla. 1975).

As previously noted, courts in other jurisdictions are in disagreement on the issue of whether military retirement pay is income or a vested property right. The courts in community property states generally hold to the view that a

retiree has "earned" his military retirement pay during the years of active duty in the armed forces, and that such pension should be treated as vested property susceptible to distribution between husband and wife upon divorce. On the other hand, courts holding that military retirement pay is income have analogized these payments to salary because the retiree remains a member of the armed forces and is subject to recall to active duty. Although, as we have stated, no Maryland case has ruled on this precise issue, the case of *United States v. Williams,* 279 Md. 673 (1977) lends strong support to the theory that military retirement pay is wages and not an asset of the marriage divisible upon divorce. In that case the following question of law, among others, was certified to the Court by the United States District Court for the District of Maryland:

> "Is federal military retirement pay which is paid to retirees of the Armed Services of the United States of America, 'wages' within the meaning of Annotated Code of Maryland, Commercial Law Article Section 15-601?"

In deciding this case in the affirmative, the Court of Appeals said:

> Probably the most recent case holding that a pension paid to a retired member of the military services constitutes wages is *Ables v. Ables,* 540 S.W.2d 769 (Tex. Civ. App. — Waco 1976). While decided in a different context, whether the right to retirement pay earned during marriage constituted vested community property subject to division at time of divorce, the court accepted the husband's contention that
>
> > . . . regular officers retire only from active duty and remain members of the military subject to continuing controls of the government which materially affect their right to pay after retirement.
>
> Among those controls, he enumerated: recall to active duty, 10 U.S.C. § 8504; court-martial for

offenses committed during retirement, 10 U.S.C. § 802, with consequent loss of pay and allowances, *Hooper v. United States,* 326 F.2d 982, *cert. denied,* 377 U.S. 977 (1964), and subjection to federal dual compensation act, 5 U.S.C. § 5532 b. This led the court in *Ables* to reach the conclusion that retirement pay is not a pension for past services, but "a current salary earned on a monthly basis," 540 S.W.2d at 770. To the same effect is *Lemly v. United States,* 75 F. Supp. 248, 249 (1948). Compare the ultimate result reached in *Ables, supra,* with that reached in *Ellis v. Ellis,* Colo., 552 P.2d 506 (1976) (retirement pay is not a vested interest, subject to division as community property).

*Id.* at 677-678.

\* \* \*

We conclude, therefore, that Williams' retirement pay constitutes wages for purposes of attachment under Code § 15-602 of the Commercial Law Article, and is not included in certain rights exempt from execution under Code (1957, 1970 Repl. Vol.) Art. 73B, § 17, which relates exclusively to pensions paid by the State and its subdivisions.

*Id.* at 678.

Maryland is a common-law state and the decisions in community property jurisdictions have limited value and are not controlling here. Moreover, the statute, MD. CTS. & JUD. PROC. CODE ANN., § 3-6A-01 (e) does not define the term "property"; it merely states that "marital property is all property, however titled, acquired by either or both spouses during their marriage." In view of the foregoing and after careful consideration of all of the contrasting views expressed in the previously cited cases from other jurisdictions, and in light of the persuasive value of the holding of the Court of Appeals in *United States v. Williams, supra,* we adopt the reasoning set forth in *In re Marriage of*

*Ellis,* 538 P.2d 1347 (Colo. App. 1975) *aff'd,* 552 P.2d 506 (Colo. 1976) and conclude as a matter of state law that military retirement pay is income and not "marital property" subject to division upon divorce. We further conclude that military retirement pay is an economic resource and may be considered in fixing the amount of alimony and child support.

The husband also urges us to hold that the *Fithian* decision has been overruled by the Supreme Court in *Hisquierdo v. Hisquierdo,* 439 U.S. 572 (1979). In that case the Supreme Court concluded, after reviewing the history, structure and specific provisions of the railroad retirement act, that the intent of Congress in providing retirement benefits was clearly inconsistent with the division of these benefits upon dissolution of the marriage, and that the community property principles of the State of California must yield under the Supremacy Clause of the United States Constitution. Cases decided subsequent to *Hisquierdo* have reached different results on the question of whether federal law permits the division of military retirement benefits as property in state divorce proceedings.[3]

In view of our resolution of this issue on the basis of Maryland law, we do not find it necessary to determine whether the treatment of military retirement pay as property subject to division upon dissolution of the marriage is precluded by virtue of the Supremacy Clause of the United States Constitution.

The husband in his cross-appeal contends: (1) That the chancellor erred in his award of alimony and counsel fees to

---

**3.** In fact, the United States Supreme Court has granted certiorari in one such case. In McCarty v. McCarty, No. 1 Civil 45056, (Calif. Ct. App.), 1st App. Dist., Div. 4, filed Feb. 6, 1980, cert. granted, 49 U.S.L.W. 3280, (U.S. Oct. 21, 1980) (No. 80-5), certiorari was granted on the following issue:

"Has system of military retirement benefits established by Congress preempted California from treating army retirement pay as community property divisible upon divorce?"

See also Cose v. Cose, 592 P.2d 1230 (Alaska, 1979), petition for cert. filed, 48 U.S.L.W. 3721 (U.S. March 19, 1980) (No. 79-1469); In re Marriage of Miller, 609 P. 2d 1185 (Mont. 1980), petition for cert. filed, 49 U.S.L.W. 3273 (U.S. Oct. 14, 1980) (No. 80-291).

the wife; (2) that the chancellor did not have authority to order the clerk of the court to enter a judgment for counsel fees and costs for the wife's law firm; and (3) that the chancellor erred in his calculation of the monetary award.

As to contentions one and three, we find neither error nor an abuse of discretion by the chancellor. However, as to contention two, we find that the chancellor erred in directing the clerk of the court to enter a judgment for counsel fees and costs in favor of the wife's law firm instead of making the award to the wife. The law firm was not a real party in interest to the action prosecuted. Maryland Rule 203. Therefore, it was error to enter a judgment in its favor.[4] Accordingly, we remand the case to the lower court for the limited purpose of modifying its decree in accordance with this opinion.

> *Decree affirmed.*
>
> *Case remanded for the limited purpose of modifying the decree in accordance with this opinion.*
>
> *Costs to be divided equally between the parties.*

---

4. For cases filed after July 1, 1980, "The court may order that any amount awarded for attorney's fees be paid directly to the attorney and may enter judgment in favor of the attorney, who may then enforce the order in his own name in accordance with the Maryland Rules." MD. ANN. CODE, art. 16, § 3 (Cum. Supp. 1980). Here, the case was filed January 22, 1979.