MAE H. HILL *v.* THEODORE R. HILL, JR.

[No. 19, September Term, 1981.]

\* \* \*

LOIS F. RAUTH (MYERS) *v.* JAMES A. RAUTH

[No. 31, September Term, 1981.]

*Decided October 27, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON AND RODOWSKY, JJ.

No. 19, *Ellen Levy Widen,* with whom were *Joel Marc Abramson* and *Talkin & Abramson* on the brief, for appellant and cross-appellee.

No. 19, *Stephen N. Goldberg,* with whom was *Jerome F. Cohn* on the brief, for appellee and cross-appellant.

No. 31, *Michael J. Ragland,* with whom were *Bell & Ragland, P.A.* on the brief, for appellant.

No. 31, *Basil E. Moore, Jr.,* for appellee.

DAVIDSON, J., delivered the opinion of the Court.

On 11 September 1981, Case No. 19, *Hill v. Hill,* and Case No. 31, *Rauth (Myers) v. Rauth,* were argued before this Court. We shall consider these cases together because they both present the common question whether, under the Supremacy Clause of the United States Constitution,[1] upon dissolution of a marriage, federal law[2] precludes the division of military retired pay pursuant to Md. Code (1974, 1980 Repl. Vol.) § 3-6A-01 (e) and § 3-6A-05 (a) and (b) of the Courts and Judicial Proceedings Article, effective 1 January 1979. Section 3-6A-01 (e) provides in pertinent part:

> " 'Marital property' is all property, however titled, acquired by either or both spouses during their marriage. It does not include property acquired

---

1. U.S. Const. art. VI, cl. 2 provides in pertinent part:
    "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."
2. 10 U.S.C. §§ 3911-3929, §§ 6321-6332 (1976 & Supp. III 1979).

prior to the marriage, property acquired by inheritance or gift from a third party, or property excluded by valid agreement or property directly traceable to any of these sources."

Section 3-6A-05 (a) and (b) provide in pertinent part:

"(a) In granting an absolute divorce or annulment . . . the court shall determine which property is marital property if the division of property is an issue.

"(b) The court shall determine the value of all marital property. After making the determination, the court may grant a monetary award as an adjustment of the equities and rights of the parties concerning marital property, whether or not alimony is awarded. The amount of the award and the method of its payment shall be determined after considering each of the following factors:

(1) The contributions, monetary and nonmonetary, of each party to the well-being of the family;

(2) The value of all property interests of each spouse;

(3) The economic circumstances of each spouse at the time the award is to be made;

(4) The circumstances and facts which contributed to the estrangement of the parties;

(5) The duration of the marriage;

(6) The age and the physical and mental condition of the parties;

(7) How and when specific marital property was acquired, including the effort expended by each party in accumulating the marital property;

(8) Any award or other provision which the court has made under this Subtitle 6A with respect to family use personal property or the family home, and any award of alimony; and

(9) Such other factors as the court deems necessary or appropriate to consider in order to arrive at a fair and equitable monetary award."

The record in *Hill* shows that the Appellant and Cross-Appellee, Mae H. Hill (wife), and the Appellee and Cross-appellant, Theodore R. Hill, Jr. (husband), were married in 1955. The husband served as an enlisted man in the United States Army from 1945 until his retirement in 1972. Upon his retirement, he became eligible for and received military retirement benefits.

On 30 November 1979, in the Circuit Court for Anne Arundel County, a decree was entered granting the wife an absolute divorce, alimony, counsel fees, and a monetary award pursuant to the provisions of § 3-6A-05. The trial court held that the husband's military retirement benefits were not subject to the provisions of that section and did not consider their value in determining the amount of the monetary award. The trial court, however, did consider the husband's interest in the military retirement benefits in determining the amount of alimony awarded to the wife.

The wife appealed to the Court of Special Appeals. *Hill v. Hill,* 47 Md.App. 460, 424 A.2d 779 (1981). That Court confined its inquiry to the question whether military retirement pay is "marital property" under § 3-6A.01(e). While the Court of Special Appeals recognized that "military retirement pay is an economic resource and may be considered in fixing the amount of alimony and child support," it held "that as a matter of state law ... military retirement pay is income and not 'marital property' subject to division upon divorce." *Hill,* 47 Md.App. at 469, 424 A.2d at 783. In view of that decision, the Court of Special Appeals found it unnecessary to determine whether federal law precludes the division of military retirement benefits under § 3-6A-05. The Court of Special Appeals affirmed the trial court's judgment.[3]

---

**3.** The Court of Special Appeals remanded the case to the trial court for the limited purpose of modifying the decree to award counsel fees and costs to the wife rather than the wife's law firm.

The wife filed a petition for a writ of certiorari and the husband filed a conditional cross-petition. We granted both.

The record in *Rauth* shows that the Appellant, Lois F. Rauth (Myers) (wife), and the Appellee, James A. Rauth (husband), were married in 1961. The husband served as a commissioned officer in the United States Navy from 1961 until his retirement in 1979. Upon his retirement, he became eligible for and received military retired pay.

In the Circuit Court for Anne Arundel County, decrees were entered granting the wife, among other things, an absolute divorce and a monetary award pursuant to § 3-6A-05. The trial court held that under the Supremacy Clause, federal law precludes the division of military retired pay under § 3-6A-05 and did not consider its value in determining the amount of the monetary award.

The wife filed an appeal to the Court of Special Appeals. While that appeal was pending, the wife filed a petition for a writ of certiorari. We issued the writ to the Court of Special Appeals before consideration by that Court.

In *McCarty v. McCarty,* 453 U.S. 210, 1010 S. Ct. 2728 (1981), the United States Supreme Court considered the question whether, upon the dissolution of a marriage, federal law precludes a state court from dividing military nondisability retired pay pursuant to state community property laws. After reviewing the language, structure, legislative history, and congressional intent of federal statutes relating to retired pay for military personnel, the Supreme Court concluded that there was "a conflict between the terms of federal retirement statutes and the community property right asserted. . . ." In determining whether the " 'consequences of that [community property right] sufficiently injure the objectives of the federal program to require nonrecognition,' " the Supreme Court found that "the application of community property principles to military retired pay threatens grave harm to 'clear and substantial' federal interests." In reaching this conclusion, the Supreme Court said:

> "... Congress has enacted a military retirement system designed to accomplish two major goals: to provide for the retired service member, and to meet the personnel management needs of the active military forces. The community property division of retired pay has the potential to frustrate each of these objectives." *McCarty,* 453 U.S. at 232-33, 101 S. Ct. at 2741.

The Supreme Court held that the federal law precludes a state court from dividing military nondisability retired pay pursuant to state community property laws.

We recognize that the analysis in *McCarty* was premised on a division of property in a community property state, not an "equitable distribution" state such as Maryland.[4] In our view, the rationale in *McCarty* is equally applicable to a division of property in an equitable distribution state and its holding is dispositive of the common question presented in *Hill*[5] and *Rauth.* We now hold that, under the Supremacy Clause, upon the dissolution of a marriage, federal law

---

4. We note that subsequent to its decision in *McCarty,* the Supreme Court denied certiorari in Russell v. Russell, 605 S.W.2d 33 (Ky. 1980), *cert. denied,* 453 U.S. 922, 101 S. Ct. 3158 (1981), and Cose v. Cose, 592 P.2d 1230 (Alas. 1979), *cert. denied,* 453 U.S. 922, 101 S. Ct. 3158 (1981). Both of these cases involved a division of property in "equitable distribution" states. *See* Ky. Rev. Stat. § 403.190 (1970) and Alaska Stat. § 09.55.210 (1973). In each it was held that military nondisability retired pay was not divisible.

In addition, the Supreme Court vacated the judgment of the Supreme Court of Montana in In re Marriage of Miller, Mont. 609 P.2d 1185 (1980), *vacated and remanded,* Miller v. Miller, 453 U.S. 918, 101 S. Ct. 3152 (1981), in which it was held in an "equitable distribution" state that military nondisability retired pay was divisible. *See* Mont. Rev. Codes Ann. § 48-321 (1977). The case was remanded "for further consideration in light of *McCarty v. McCarty,*" 453 U.S. at 213, 101 S. Ct. at 3152.

5. In *McCarty,* the Supreme Court specifically stated:
"Under current law, there are three basic forms of military retirement: nondisability retirement; disability retirement; and reserve retirement. For our present purposes, only the first of these three forms is relevant." McCarty, U.S. at , 101 S. Ct. at 2731 (citation omitted) (footnote omitted).

The Supreme Court considered and decided the sole question whether federal law (10 U.S.C. § 3911 et seq.) precludes a state court from dividing military nondisability retirement pay pursuant to state community property laws.

In addition to the three basic forms of military retirement referred to in *McCarty,* 38 U.S.C. §§ 521-23 (1976 & Supp. III 1979) provides for pensions for veterans for nonservice-connected disability or death. We recognize that

precludes a Maryland court from dividing military nondisability retired pay as marital property pursuant to § 3-6A-05.[6] Accordingly, in *Hill,* we shall affirm the judgment of the Court of Special Appeals on a ground other than the one relied upon by that Court.[7] In *Rauth,* we shall affirm that portion of the trial court's decree that held that federal law precluded the husband's military retired pay from being divisible as marital property. In view of the parties' agreement that the appropriate amount of the monetary award was $4,032.75, we shall reverse that portion of the trial court's decree that granted the wife a monetary award in the amount of $2,950.01. Accordingly, we shall remand the *Rauth* case to the trial court for the entry of an order granting the wife a monetary award in the amount of $4,032.75.

> *No. 19, Hill v. Hill:*
> *Judgment of the Court of Special Appeals affirmed.*
> *Costs to be equally divided.*
> *No. 31, Rauth (Myers) v. Rauth:*
> *Judgment of the Circuit Court for Anne Arundel County affirmed in part and reversed in part.*
> *Case remanded to that court for the entry of an order in accordance with this opinion.*
> *Costs to be paid by appellant.*

---

when *Hill* was pending in the Court of Special Appeals, the husband proffered, for the first time, that his military retirement benefits consisted of military nondisability retired pay and veterans' disability benefits. The Court of Special Appeals drew no distinction between these two types of benefits and confined its inquiry to the question "whether military retirement pay is 'marital property'" under § 3-6A-05. The question whether federal law precludes the division of veterans' disability benefits was not specifically raised, briefed, argued or decided in either the trial court or the Court of Special Appeals. Accordingly, it will not be considered here. Md. Rule 885.

6. In light of this decision, Appellants' contentions in both *Hill* and *Rauth* that military retired pay constitutes marital property under § 3-6A-01 (e) and § 3-6A-05 need not be considered here.

7. In reaching this conclusion, we have determined, after a careful review of the record, that Cross-Appellants' contentions that "the chancellor erred in his award of alimony, counsel fees and costs" and "in his calculation of the monetary award" are without merit.