**In re Ronald David DAUMIT, Debtor.**

**BRODSKY, GREENBLATT & RENEHAN, CHARTERED, Plaintiff,**

v.

**Ronald David DAUMIT, Defendant.**

Bankruptcy No. 81–1–0541.
Adv. No. 81–0274A.

United States Bankruptcy Court,
D. Maryland,
at Rockville.

Oct. 5, 1982.

Robert Millard, Kensington, Md., John Topping, Riverdale, Md., for debtor/defendant.

Barry Gordon, Rockville, Md., for plaintiff.

## MEMORANDUM OPINION

PAUL MANNES, Bankruptcy Judge.

This matter was presented for hearing on the Complaint to Determine the Dischargeability of a Debt filed by Brodsky, Greenblatt & Renehan, Chartered (plaintiff) against Ronald Daumit (defendant). Plaintiff seeks to deny the discharge of a debt totalling $1,278.99 pursuant to 11 U.S.C. section 523(a)(5).[1] The debt was incurred as a result of plaintiff's representation of Joan Daumit in a divorce action instituted by defendant.

The undisputed facts are as follows. On September 25, 1980, the Circuit Court for Montgomery County, Maryland, passed a *pendente lite* order in a divorce action between Ronald Daumit and Joan Daumit providing, *inter alia,* that defendant pay to Joan Daumit the sum of $1,261.10, representing initial counsel fees and costs. Thereafter, Joan Daumit assigned her interest in the award of counsel fees directly to her counsel of record, the plaintiff herein. Defendant, Ronald Daumit, then consented to a judgment against him and in favor of plaintiff in the sum of $1,278.99 for the court ordered attorneys' fees and interest. Ten months later, on April 24, 1981, defendant filed for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland.

The issue presented is whether defendant's obligation to pay attorneys' fees and court costs under the Montgomery County Circuit Court order of September 25, 1980, providing *pendente lite* relief is non-dischargeable pursuant to 11 U.S.C. § 523(a)(5), where the defendant's spouse has assigned that claim to her attorneys.

Congress, in enacting the Bankruptcy Code, noted that federal law, rather than state law, would determine what is within the definition of alimony, maintenance, and support for purposes of construing 11 U.S.C. § 523(a)(5). H.R.Rep. No. 95–595, 95th Cong. 1st Session 364 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787; *See, In Re Dorman,* 3 C.B.C.2d 497 (Bkrtcy.D.N.J. 1981). At the same time, Congress did not intend for the law to be interpreted without reference "to the well-established law of the States." *In Re Spong,* 661 F.2d 6, 9 (2d Cir.1981). While the term "alimony" is not defined in the Code, the term has been construed by federal courts on repeated occasions. For example, the Supreme Court in *Audubon v. Schufeldt,* 181 U.S. 575, 577, 21 S.Ct. 735, 736, 45 L.Ed. 1009 (1901), states that alimony is founded upon the natural and legal duty of a husband to support his wife. Moreover, the Court in *Wetmore v. Markoe,* 196 U.S. 68, 76, 25 S.Ct. 172, 175, 49 L.Ed. 390 (1904), held that the obligation based upon this natural and legal duty is excepted from discharge. *See also, In Re Knabe,* 8 B.R. 53 (Bkrtcy.S.D. Ind.1980).[2]

In defining alimony, the courts have stated that alimony includes those needs or necessaries that are essential in maintaining a spouse in a manner commensurate with her former status as a wife. An award of counsel fees may be essential to a spouse's ability to sue or defend a matrimonial action and, thus, have been considered necessary under the law. *In Re Spong,* 661 F.2d 6, 8–9 (2d Cir.1981).

---

1. Section 523(a)(5) provides in pertinent part:
   (a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

   &ast; &ast; &ast; &ast; &ast; &ast;

   (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to such extent that
   (A) such debt is assigned to another entity, voluntarily, by operation of law or otherwise.

2. Marital settlement agreements, as opposed to decrees, look to the intention of the parties. *See Melichar v. Ost,* 661 F.2d 300, 303 (4th Cir.1981).

Furthermore, while federal law provides the broad description of what is not dischargeable, it is often necessary to look to state law to determine whether a given award fits within that framework. In this respect, the relevant Maryland statute provides:

> The court may from time to time, or after the granting of a divorce, after considering the financial resources of both parties, the respective needs, and whether there was substantial justification for instituting or defending the proceedings, order one party to pay to the other a reasonable amount for the reasonable and necessary expenses, including suit money, attorney's fees, and costs, of instituting or defending any proceeding, or any proceeding to enforce an award, under this title. The court may in its discretion award reimbursement for such expenses already paid. The Court may order that any amount awarded for attorney's fees be paid directly to the attorney and may enter judgment in favor of the attorney, who may then enforce the order in his own name in accordance with the Maryland Rules.

Md.Ann.Code, art. 16 § 3 (1981).

In the same vein, the Maryland Courts, while emphasizing the discretion given the trial judge, impliedly compare attorney fees awards to alimony, support, and maintenance since courts look to similar criteria in awarding each. Typical criteria include the need and realtive financial position of the parties. *See, e.g., Hall v. Hall,* 32 Md.App. 363, 362 A.2d 648 (1976); *Wallace v. Wallace,* 46 Md.App. 213, 416 A.2d 1317 (1980), aff'd, 290 Md. 265, 429 A.2d 232 (1981); *Quinn v. Quinn,* 11 Md.App. 638, 276 A.2d 425, 432 (1971).

In addition, the majority of bankruptcy courts have concluded that counsel fees are within the definition of alimony, maintenance, and support. *See In Re Lang,* 11 B.R. 428, 430–431 (Bkrtcy.W.D.N.Y.1981); *In Re Brassard,* 11 B.R. 90, at 92–93 (Bkrtcy.N.D.Ill.1981); *In Re Lafleur,* 11 B.R. 26, at 29 (Bkrtcy.D.Mass.1981); *In Re Whitehurst,* 10 B.R. 229, 229–30 (Bkrtcy.M.

D.Fla.1981); *In Re Dorman,* 3 C.B.C.2d 497, 499–501 (D.N.J.1981); *In Re French,* 9 B.R. 464, 468 (Bkrtcy.S.D.Cal.1981); *In Re Lineberry,* 9 B.R. 700, 709–10 (Bkrtcy.W.D.Mo. 1981); *In Re Wells,* 8 B.R. 189, 193 (Bkrtcy. N.D.Ill.1981); *In Re Knabe, supra,* 8 B.R. at 56–57; *In Re Bell,* 5 B.R. 653, 655 (Bkrtcy. W.D.Okl.1980); *In Re Pelikant,* 5 B.R. 404, 407–08 (Bkrtcy.N.D.Ill.1980).

Given the aforementioned relevant federal and state law, the court concludes that the award of counsel fees and court costs to Joan Daumit is in the nature of alimony within the meaning of 11 U.S.C. § 523(a)(5).

Moreover, although the counsel fees awarded defendant's ex-wife have been assigned to plaintiff, they nevertheless remain non-dischargeable pursuant to 11 U.S.C. § 523(a)(5)(A). The court finds no merit in defendant's contention that plaintiff's enforcement of the assignment has altered it so as to remove it from the realm of alimony. The assignment clause under § 523(a)(5)(A) does *not* pertain to assignment of counsel fees by a spouse to his or her attorney. Congress' concern in formulation of § 523(a)(5)(A) was not to deter all assignments of payments, but only those made to state welfare agencies. *In Re Knabe,* 8 B.R. 53 (Bkrtcy.S.D.Ind.1980); *See Hearings on H.R. 31 & H.R. 32 Before the Subcomm. on Civil and Constitutional Rights of the House Comm. on the Judiciary, 94th Cong., 1st & 2d Sess., ser. 27, part 2 at 942 (1975–76).*

Accordingly, it is apparent that the award as counsel fees, although assigned and enforced by plaintiff, remains non-dischargeable under § 523(a)(5)(A). *Matter of Gwinn II,* 20 B.R. 233, 6 C.B.C.2d 1114, 1116 (9th Cir.B.A.P.1981); *Cf. Hill v. Hill,* 47 Md.App. 460, 424 A.2d 779, 784, aff'd 291 Md. 615, 436 A.2d 67 (1981).

In conclusion, the court finds that the counsel fees awarded to Joan Daumit are in the nature of alimony. Having concluded that this award is tantamount to alimony, notwithstanding the assignment to plaintiff, the debt of $1,278.99 is found to be non-dischargeable under 11 U.S.C. § 523(a)(5). The court will enter an order in accordance with these findings.