Cherie Annette **GREENE**, Plaintiff and Respondent,

v.

Robert Michael **GREENE**, Defendant and Appellant.

No. 860239–CA.

Court of Appeals of Utah.

March 15, 1988.

Merrill F. Nelson (argued), Kirton, McConkie & Bushnell, Salt Lake City, for defendant and appellant.

Jon J. Bunderson (argued), Bunderson & Baron, Brigham City, for plaintiff and respondent.

Before GREENWOOD, JACKSON and DAVIDSON, JJ.

## OPINION

GREENWOOD, Judge:

Defendant, Robert Michael Greene, appeals from the trial court's ruling that one-half of his military retirement benefits awarded to plaintiff, Cherie Annette Greene, in the divorce decree was marital property. We affirm.

Plaintiff and defendant were married in 1956, the same year defendant began his career in the Air Force. Two children were born of the marriage. In 1976, defendant retired from active duty in the Air Force and began receiving military retirement benefits. In May 1983, plaintiff filed for divorce. A stipulation, executed by both parties, was incorporated verbatim into the parties' divorce decree which was entered in July 1983. The divorce decree stated, in pertinent part:

> Defendant is ordered to pay, pursuant to 10 USC section 1408 of the Uniform Services Former Spouses Protection Act, ½ of USAF retired gross pay, ½ of which at present is $880.00, plus $490.00 alimony, plust [sic] $150.00 childd [sic] support for Robert Jr. each per month. Said sums will be deposited to a bank account in the name of Plaintiff. The amount of alimony may be renegotiated annually, by agreement if possible, or by court order if agreement is not possible, and there has been a substantial change in circumstances. If Robert Jr. should become employed full time and/or become self supporting, child support payments shall cease. Defendant and Plaintiff are ordered to supply such financial records as necessary at time of renegotiations to substantiate any claims for adjustment of alimony or child support.

In February 1984, defendant filed an order to show cause seeking custody of the parties' son, Robert Jr., and a reduction in alimony. Plaintiff opposed the modification and requested that she receive her half of defendant's retirement benefits directly from the Air Force. The court declined to change custody and ordered defendant to "continue to pay the sum of Four Hundred Ninety Dollars ($490.00) per month alimony to the plaintiff." Also, the court allowed

plaintiff to obtain her portion of the defendant's military retirement benefits directly from the Air Force.

In September 1985, plaintiff remarried and defendant filed an order to show cause seeking termination of alimony, claiming that both the $490 per month award and the award of one-half of defendant's military retirement benefits were alimony. Plaintiff also filed an order to show cause, admitting that the $490 per month alimony should be terminated and claiming that the one-half of defendant's retirement pay was awarded to her as marital property and therefore was not subject to modification. During a hearing on May 22, 1986, the parties' attorneys agreed that under the Uniformed Services Former Spouses Protection Act (USFSPA) a former spouse may only receive up to one-half of the net retirement pay. The trial court ruled that the award to plaintiff of defendant's military retirement was property and that plaintiff was entitled to one-half of defendant's net rather than gross retirement pay.

I

■ The first issue is whether the trial court erred in finding that the stipulation and divorce decree awarded plaintiff one-half of defendant's retirement benefits as marital property, rather than alimony. This Court will not disturb the trial court's findings in a divorce proceeding unless a clear abuse of discretion is shown. *Smith v. Smith*, 738 P.2d 655, 657 (Utah App. 1987).

Defendant asserts that the portion of the decree which awarded plaintiff one-half of defendant's military retirement benefits "may be interpreted only as treating defendant's retirement benefits as income, and there is no evidence in the record to the contrary." According to defendant, his military retirement benefits must be income because the decree and stipulation do not specifically label the military retirement benefits as marital property. Further, he claims that because the award of retirement benefits is in the same paragraph in the decree with alimony and child support, and not in the preceding paragraphs with marital property, it must be alimony. We disagree.

The decree provided that defendant pay "one-half of USAF retired gross pay, ½ of which at the present is $880.00, plust [sic] $490.00 alimony, plus $150.00 childd [sic] support...." The trial court found that the word "plus" as used in the decree meant "in addition to" and that neither the stipulation nor the decree clearly indicated that the retirement benefits were awarded as alimony or child support. The court then concluded that the plaintiff's share of defendant's retirement benefits was awarded as marital property.

Clearly, the language of the decree and the stipulation support the trial court's finding that the military retirement benefits were awarded in addition to alimony and child support and were awarded as marital property. In addition, the court's prior action in enforcing the $490 per month alimony award indicates that the court had not previously interpreted the award of military retirement benefits to be an award of alimony. Therefore, because the court's interpretation of the decree is reasonable and consistent with its previous action enforcing the $490 per month alimony award, we hold that the trial court did not abuse its discretion in finding that the award of military retirement benefits in the divorce decree constituted marital property.

II

■ Defendant's second contention is that the trial court erred in changing the divorce decree to provide that plaintiff receive one-half of defendant's net instead of gross pay. Defendant claims the court amended the decree and could not do so without a finding of changed circumstances or other compelling reasons. We find no merit in this argument. The attorneys for the parties agreed during the trial court hearing that federal law prohibited plaintiff from receiving one-half of defendant's *gross* military retirement benefits. We find that the court's change in the decree to provide that plaintiff receive one-half of defendant's net retirement benefits, as mandated by federal law, was simply cor-

rection of a mistake and was not an amendment or modification of the decree necessitating a finding of a substantial change in circumstances. Accordingly, we find no error in the court's correction of the mistake in the decree.

### III

■ Finally, we address whether the trial court correctly concluded that military retirement benefits may be treated as marital property under Utah law. In *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), the United States Supreme Court confronted that issue and held that federal law precluded a state court in a community property state from dividing military retirement benefits in a dissolution proceeding. *Id.* at 230–32, 101 S.Ct. at 2740–41. In response to *McCarty*, Congress enacted 10 U.S.C. § 1408 (1983) which provides: "(c)(1) [A] court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."

In passing the statute, Congress alleviated hardship on former spouses of military personnel by allowing courts to consider retirement benefits in fashioning divorce settlements. *See,* Pub.L. No. 97–252, 1982 U.S.Code Cong. & Admin.News 1555, 1570 and 1599.

Since the enactment of 10 U.S.C. § 1408, several courts have ruled that military retirement benefits are not divisible where a state statute requires property to have a present value before it may be divided in a divorce proceeding.[1] *Koenes v. Koenes*, 478 N.E.2d 1241, 1242 (Ind.Ct.App.1985); *Grant v. Grant*, 9 Kan App.2d 671, 685 P.2d 327, 331 (1984); *Light v. Light*, 599 S.W.2d 476, 479 (Ky.Ct.App.1980). Other courts have found that military retirement benefits are not divisible because they are income rather than property. *In re Marriage of Ellis*, 36 Colo. App. 234, 538 P.2d 1347, 1350 (1975) (Military retirement benefits are not property

but are income to be received in the future because they do not have cash surrender value, loan value, redemption value, lump sum value nor value realizable after death.); *Tinsley v. Tinsley*, 431 So.2d 1304, 1307 (Ala.Civ.App.1983); *Fenney v. Fenney*, 259 Ark. 858, 537 S.W.2d 367 (1976); *Hill v. Hill*, 47 Md.App. 460, 424 A.2d 779, 783 (1981); *Baker v. Baker*, 120 N.H. 645, 421 A.2d 998, 1000–01 (1980); *Haynes v. Haynes*, 279 S.C. 162, 303 S.E.2d 429, 430 (1983).

Conversely, some courts have found military retirement benefits to be divisible marital property. *Stokes v. Stokes*, 738 P.2d 1346, 1348 (Okla.1987) (Military pension is not different from a private pension plan and may be divisible as jointly acquired property.); *In re Marriage of Kecskes*, 683 P.2d 478, 480 (Mont.1984) (Military retirement benefits are analogous to any pension fund and are marital property.); *Taylor v. Taylor*, 217 Neb. 409, 348 N.W.2d 887, 890 (1984) (The effect of the USFSPA is that nondisability military pensions need no longer be treated differently than nonmilitary pensions.); *Daffin v. Daffin*, 567 S.W. 2d 672, 679 (Mo.Ct.App.1978) (Vested military retirement benefits acquired during marriage are marital property.).

Utah has not specifically addressed whether military retirement benefits may be subject to division in a divorce proceeding. The Utah courts have, however, determined that the trial court should consider retirement benefits in dividing marital assets in divorce proceedings. *Gardner v. Gardner*, 748 P.2d 1076, 1078–79 (Utah 1988); *Woodward v. Woodward*, 656 P.2d 431, 433 (Utah 1982); *Bailey v. Bailey*, 745 P.2d 830, 831–32 (Utah App.1987); *Marchant v. Marchant*, 743 P.2d 199, 204–05 (Utah App.1987).

Defendant urges us to adopt the position that military retirement benefits are not divisible because they are income and not property. Defendant claims that military retirement benefits should be treated differently than other types of retirement because of their unique characteristics, in-

---

1. Utah has no such statute.

cluding that the retired officer remains subject to military regulations, remains a member of the service, may forfeit his benefits if he engages in certain activities and that military retirement benefits are considered by some courts to be reduced compensation for current services. Therefore, he claims, military retirement benefits are not vested until they are earned after retirement.

However, the Utah Supreme Court has stated that whether retirement benefits are subject to distribution does not turn on whether the spouse can presently use or control the benefits or on whether the resource can be given a present dollar value. "The essential criterion is whether a right to the benefit or asset has accrued in whole or in part during the marriage." *Bailey*, 745 P.2d at 831 (quoting *Woodward*, 656 P.2d at 433). Further, Utah caselaw differs from those jurisdictions that hold that military retirement benefits are income because they do not have a cash surrender value, loan value, redemption value, lump sum value or value realizable after death. The Utah Supreme Court has specifically stated that:

> retirement benefits, whether vested or not, are a form of deferred compensation which a court should at least consider when dividing marital assets. A right to deferred compensation acquired during marriage ... should not be entirely ignored in dividing assets, irrespective of when the vested funds are payable. Thus, marital property "encompasses all of the assets of every nature possessed by the parties, whenever obtained and from whatever source derived; and this includes any such pension fund or insurance."

*Gardner*, 748 P.2d at 1078–79.

Therefore, under Utah caselaw, marital property encompasses all types of retirement funds and any retirement fund accrued in whole or in part during the marriage may be distributed in a divorce proceeding. In this case, defendant's right to receive military retirement benefits accrued during the marriage and were distributed beginning when he retired from active duty in 1976, seven years before the marriage was terminated. Although defendant could lose his military retirement benefits under certain circumstances, such as noncompliance with various military regulations, we are not persuaded that military retirement benefits should be an exception to the general rule that retirement benefits are marital property. Therefore, we hold that military retirement benefits accrued in whole or in part during marriage constitute marital property under Utah law and are subject to division in a divorce proceeding.

Affirmed.

JACKSON and DAVIDSON, JJ., concur.