**E. O. HOLEMAN, Plaintiff in Error,**

v.

**Lora Agnes HOLEMAN, Defendant in Error.**

**No. 42780.**

Supreme Court of Oklahoma.

Oct. 7, 1969.

Murdock, Schwabe & Monnet, Tulsa, for plaintiff in error.

Covington, Gibbon & Poe, Richard D. Gibbon, and James E. Poe, Tulsa, for defendant in error.

HODGES, Justice.

This is an appeal in a divorce case involving the questions of whether the court awarded an excessive and unwarranted amount of alimony and whether the award of the jointly acquired property to the defendant was inequitable and unfair to the plaintiff. Parties will be referred to as they appeared in the trial court.

Plaintiff husband filed suit for divorce against defendant asking for an equitable division of property and defendant wife cross-petitioned seeking divorce, alimony, past support and seeks to be awarded the real property accumulated by the parties.

The court following a trial upon the merits awarded a divorce to the defendant on her cross-petition upon the grounds of incompatibility. Plaintiff was awarded 40 acres of land that was his separate property, and a pickup truck. Defendant was awarded the 135 acres of real property the parties had accumulated during marriage, alimony in the amount of $16,600.00 to be paid at the rate of $200.00 per month for 29 months and $90.00 per month thereafter till paid.

Parties were married in 1925, when both were about 20 years of age. They had been married 42 years at the time of the divorce proceedings. Plaintiff had been employed at various jobs during his married life making a very modest income. At the time of the trial plaintiff was working for the post office making somewhat in excess of $600.00 per month. Defendant was employed making about $150.00 per month.

Parties during the marriage have acquired 135 acres of land valued at $65.00 per acre or less. Plaintiff also had received a 40 acre tract as his separate property from his parents. They have also ac-

quired an old tractor and 1960 pickup truck. The tractor is valued at $150.00, however no value was assigned the truck. In addition, plaintiff had worked for the railway mail service for some 14 years and had accumulated a retirement fund of $2375.00 as of 1956. Upon changing to the Postal service he continued his retirement fund contributions for the next 11 years and was still contributing at the time of trial.

In 1957, some 10 years prior to the trial, plaintiff and defendant had a quarrel and plaintiff moved from his home. He had been absent for some ten years prior to the time the petition was filed and had not contributed anything to the support of his wife during that period.

Defendant testified that sometime during the ten year absence of plaintiff she had paid $900.00 on a loan covering part of the farm in order to prevent a foreclosure. This amount was approximately ¼th the value of the entire farm. She also testified that she was required to pay the taxes on the 135 acres one year when the plaintiff had failed to do so. She further stated that she had worked at various jobs since 1942.

Plaintiff complains that the alimony payments of $200.00 per month for 29 months and thereafter $90.00 per month until the balance of $16,600.00 is paid, is excessive. Plaintiff, barring unforeseen events, will be able to work for 29 months prior to his retirement earning presently in excess of $600.00 per month. At retirement it appears that he will receive about $260.00 per month. Plaintiff's take home pay is about $450.00 per month. Defendant's take home pay is something less than $150.00 per month, since this figure does not include deductions.

If the award of alimony is sustained the monthly income of the defendant would be approximately $340.00 net compared to plaintiff's net of about $250.00 for a period of 29 months. Thereafter during retirement both parties would have an income of approximately $170.00 per month.

■■ Alimony is awarded on the basis of maintenance or support. Ward v. Ward,

Okl., 317 P.2d 254; Hill v. Hill, 197 Okl. 697, 174 P.2d 232. As pointed out previously parties have lived most of their lives in a meager existence. Defendant has been living on an income of approximately $150.00 per month for the past ten years, even though she had a right to pursue her legal remedy against the plaintiff for support. Although the conduct of the plaintiff over the past ten years cannot be condoned, neither can it be the basis for levying a penalty against him in the form of alimony. Noel v. Noel, 206 Okl. 16, 240 P.2d 739; Bouma v. Bouma, Okl., 439 P.2d 198. Considering that the basis for awarding alimony is support or maintenance of the spouse, the award of $200.00 per month for 29 months is clearly excessive and should be reduced to a reasonable amount. Dobry v. Dobry, 203 Okl. 327, 220 P.2d 698; Laster v. Laster, Okl., 370 P.2d 823. The sum of $16,600.00 alimony is therefore reduced to $13,410.00 to be paid at the rate of $90.00 per month until paid, with the provision regarding death or remarriage of defendant to remain in force.

■ Plaintiff also complains of the award of all the real property by the court to the defendant. Plaintiff points out that the 135 acre farm is jointly acquired property and that one-half should be set aside to him.

Defendant counters that the decree gives the plaintiff his retirement fund, which is also jointly acquired property. Defendant projects the value of the retirement fund at the time of the trial as $37,752.00. This statement is not supported by the evidence. The evidence shows that the retirement fund was worth $2375.00 in 1956, and that plaintiff has been contributing to it since that time. However, no proof was offered of its value at the time of trial, or at anytime subsequent to 1956. The evidence does show, as the trial court found, that in 29 months the plaintiff will retire and receive approximately $260.00 per month from his retirement fund. Out of this amount he will pay $90.00 per month in alimony. If the retirement fund is divided

at this time as jointly acquired property this would in effect destroy plaintiff's future livelihood and means of complying with the alimony award. The trial court obviously took into consideration the retirement fund in regard to setting an award for alimony out of plaintiff's future income or earning capacity. It would be unfair to divide the retirement fund and then make a provision for payment of the majority of the alimony award out of his monthly retirement income.

With the exception of the retirement fund the only asset the parties have acquired that is of any substantial value is the 135 acre farm. This farm has been accumulated by buying a few acres at a time and paying for them in installment payments over the years. Regardless of which spouse is granted a divorce, the provisions of 12 O.S.1961, § 1278, remain operative with equal force and effect and the trial court is required to effect a fair and equitable division of the property acquired during coverture by the joint industry of husband and wife, Bouma v. Bouma, Okl., 439 P.2d 198.

The plaintiff received out of the jointly acquired property a 1960 pickup truck, the value of which is unknown, but certainly could not be substantial, and a 20 year old tractor worth $150.00. The defendant was awarded all of the real property with an approximate value of $8,885.00. We find this division of jointly acquired property to be unjust and inequitable.

The evidence indicates that the original cost of the real property was approximately $4,000.00. As pointed out in the beginning, the defendant herself paid $900.00 from her own income on 80 acres of the farm and this occurred after the parties were separated. It would be unfair to the defendant if the plaintiff was allowed to share in the fruits of her labor during his 10 year absence when he furnished her no support whatsoever. We feel that an equitable division of the property would be by awarding defendant the 80 acre tract and

the plaintiff the approximately 55 acres remaining.

The decree is therefore modified as to the jointly acquired property by awarding defendant the 80 acres in the East Half (E/2) of the Northeast Quarter (NE/4), Section 15, Township 25 North, Range 22 East, Delaware County, Oklahoma, and the plaintiff is awarded the remaining approximately 55 acres.

Affirmed as modified.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, JACKSON and McINERNEY, JJ., concur.