Frank D. BAKER, Appellant,

v.

Leona Ehler BAKER, Appellee.

No. 46748.

Supreme Court of Oklahoma.

Dec. 16, 1975.

Rehearing Denied March 23, 1976.

Newcombe & Redman by Ralph W. Newcombe, Lawton, for appellant.

T. D. Nicklas, Nicklas, Parrish, Saenz & Wade, Lawton, for appellee.

BARNES, Justice:

Frank D. Baker, Appellant, and Leona Ehler Baker, Appellee, had been married over seventeen years when this action was filed. At the time of their marriage, Appellee was a widow thirty-one years of age and had three children by her former marriage, a son five, a daughter seven, and a daughter ten. Appellant was twenty-one years old and a Second Lieutenant in the U. S. Army. Appellee received Social Security and Veterans Administration bene-

fits for these children during their minority, and most of this money was spent for the support of the family. The parties had a daughter who was sixteen years old at the time of the divorce. No question is raised by either party concerning the court's order of support for this child. Appellant's income was used for the support of the family and himself. Appellee quit work at the time of the marriage at Appellant's request and was a housewife throughout the marriage. At the time of the divorce, Appellant was recently retired (Lieutenant Colonel), unemployed and seeking work. There was no question of his willingness and ability to work, but there was some question about the type of job he was qualified to do.

The Trial Court awarded Appellee property totaling $27,625.00 in value and Appellant property totaling $6,050.00 in value. In addition to that, the court found that Appellant's retirement benefits, $812.85 per month at the time of the divorce, were property acquired during the marriage and subject to division as such. In respect thereto, the court awarded Appellee an additional $24,000.00 property division, to be paid by Appellant at the rate of $400.00 per month beginning on the 10th day of May, 1973. The court also awarded alimony for support to Appellee in the amount of $18,000.00, to be paid at the rate of $300.00 per month beginning in May of 1978.

Both parties appeal the Trial Court's order. The principal question presented by both parties is how the service retirement benefits should have been treated by the Trial Court. Appellee contends that the court's finding that the retirement benefits are property is correct, but asserts that the court failed to give her an equal share of said benefits. The Appellant contends that retirement pay is not property acquired by the parties during coverture and therefore is not subject to being divided by the court as part of the property division.

We agree with Appellant that the Trial Court erred in treating the Appellant's re-

tirement income as property subject to division by the court.

The nearest this Court has come to answering this question is the case of *Holeman v. Holeman,* Okl., 459 P.2d 611, in which we observed that if the retirement fund is divided at the time of the divorce as jointly acquired property that this would in effect destroy the husband's future livelihood and means of complying with an alimony or support award. We further observed, and inferentially approved, that the Trial Court obviously took into consideration the retirement fund in regard to setting an award of alimony for support out of the husband's future income or earning capacity. See also *Heuchan v. Heuchan,* 38 Wash.2d 207, 228 P.2d 470, 22 A.L.R.2d 1410, where the Washington Court found that a railway pension, payable to the ex-husband, was a resource which could be considered in determining alimony for support. All of the cases cited in the annotation of *Heuchan v. Heuchan,* supra, are to the effect that pension of a husband may be considered in determining amount of alimony for support. All of these cases would, by implication, rule out the consideration of a pension as property acquired during coverture and subject to division between the parties.

■ We hold that the Trial Court was in error in considering Appellant's pension in determining division of property. But was correct in considering his pension as earnings in determining the amount of alimony for support that he should pay Appellee.

■ We therefore set aside the Trial Court's order allowing the sum of $24,000.-00 to Appellee as additional property settlement. We approve the property award made by the Trial Court of $27,625.00 to the Appellee and $6,050.00 to the Appellant, even though the awards are substantially one-sided in favor of the Appellee.

■ We concur with the order of the Trial Court allowing alimony for support, but modify its terms to provide as follows:

That Appellee be awarded $24,000.00 as alimony for support, payable $400.00 per month beginning the 10th day of May, 1973, and payable on or before the 10th day of each month thereafter for a period of sixty months. Said support payments shall terminate upon the death or remarriage of the recipient Appellee, as provided by 12 O.S.1971 § 1289(b).

 Appellant also questions the amount of the award of attorney fees to Appellee's attorney in the Trial Court. We affirm the Trial Court's allowance. Appellee requests additional attorney fees for the defense of this appeal. We find that each of the parties should pay his or her respective attorney fees and that they should share equally the costs of this appeal.

In all other respects the decree of the Trial Court is affirmed.

WILLIAMS, C. J., DAVISON, IRWIN, BERRY, LAVENDER and SIMMS, JJ., and RICHARD E. ROMANG, Special Justice, concur.

HODGES, V. C. J., dissents.

RICHARD E. ROMANG was assigned to act as a Special Justice in this case instead of JOHN B. DOOLIN, who certified his disqualification.

HODGES, Vice Chief Justice (dissenting):

I disagree with that portion of the majority opinion that allowed the appellee $24,000 alimony.

At the request of the appellant, the appellee quit work when they were married, and after seventeen years of marriage, at the age of fifty, she is now ill-equipped for any gainful employment. On the other hand, appellant acquired a college degree during the marriage, earned promotions in the service, and retired as a Lieutenant Colonel at the age of 39 with a retirement pay of $812.85. Although he was not employed at the time of trial (he just recently retired), the evidence shows, by his own testimony he was capable of earning a salary of $1,250.00.

Considering these factors, the amount of $24,000 is woefully inadequate. In my opinion, the appellee should be awarded alimony in the amount of $48,000, payable at $400.00 per month, which would terminate upon her death or remarriage.