**Peggy M. CARLTON, Appellant,**

v.

**George E. CARLTON, Appellee.**

**No. 56387.**

Court of Appeals of Oklahoma, Division No. 1.

May 11, 1982.

Rehearing Denied June 8, 1982.

Certiorari Denied July 28, 1982.

Released for Publication by Order of the Court of Appeals July 30, 1982.

---

Owens & McGill, Inc. by George W. Owens, J. Dennis Semler, Tulsa, for appellant.

Crawford, Crowe & Bainbridge by Harry M. Crowe, Jr., Tulsa, for appellee.

BOX, Judge:

An appeal by Appellant (wife) in a divorce action, contending that the trial court committed error in ruling the employee's retirement contributions made during the marriage is not property acquired during coverture, and a cross-appeal by Appellee (husband).

Appellant brought this action to obtain a divorce from Appellee, an equitable division of the property acquired during the marriage, alimony for support and certain relief pendente lite. At the trial, the Appellant presented evidence to establish, among other things, the following: Appellant and Appellee were lawfully married at Tulsa, Oklahoma, the 3rd day of May, 1950, and have since been husband and wife; that throughout the marriage, both Appellant and Appellee were employed outside the home; that as a result of their joint efforts and contributions, Appellant and Appellee accumulated during the marriage certain real and personal property.

Upon the conclusion of the case, the trial court (1) granted a divorce to Appellant and Appellee, one from the other; (2) awarded Appellant and Appellee their separate property, respectively; (3) divided the property acquired during coverture; (4) divided the indebtedness of the parties; (5) awarded the Appellant support alimony; and (6) awarded Appellant a sum of money to apply on her legal expenses in the action. In determining the value of the property acquired during coverture, the trial court excluded the value of Appellee's retirement plan attributable to contributions of Appellee's employer. The trial court ruled that, with respect to the employee retirement plan, the portion of vested benefits attributable to contributions of Appellee's employer made during the Appellee's marriage is not property acquired during coverture.

From the overruling of Appellant's Motion for a New Trial, this appeal.

Appellant argues as error that the trial court erred as a matter of law and fact in ruling that, with respect to the employee retirement plan, the portion of vested benefits attributable to employer contributions made during Appellee's marriage is not property acquired during coverture.

Appellee (husband) cross-appeals, alleging error in the award of alimony, the six year delay in the division of property, the withholding of interest on the judgment in his favor and the award of attorney's fees to the wife.

■ Appellant contends that the treatment of private pensions is undecided in Oklahoma. Although this statement in part is true, we find in *Udall v. Udall*, 613 P.2d 742, the Supreme Court, after considering the majority and minority opinions of several states, adopted the minority view. See p. 744[1]. The Court at p. 745 stated as follows:

> This reasoning is in accord with our decisions in *Holeman v. Holeman*, 459 P.2d 611, 614 (Okl.1969); *Baker v. Baker*, 546 P.2d 1325, 1326 (Okl.1976); and *Umber v. Umber*, 591 P.2d 299, 302 (Okl. 1979). This Court in *Holeman* determined that if a retirement fund is divided at the time of the divorce as jointly owned property, this would, in effect, destroy the husband's future livelihood and means of complying with an alimony or support award. In *Baker*, we held that a husband's military pension could not be treated as property acquired during coverture subject to division between the parties, although it could be considered in determining the amount of alimony for support. In *Umber*, we recognized that social security benefits were the separate property of the husband which could not be evaluated in determination of property settlement.

Although dealing with a statutory pension plan, the reasoning set out by the Court

leads us to believe that the same results would be accorded to private funds. This being the only allegation of error asserted by Appellant, we find no error. *Udall, supra.*

■ Turning now to allegation of error of Appellee (husband) regarding alimony to the wife, the Supreme Court has consistently held that an appeal court in reviewing a divorce decree will examine the record and weigh the evidence upon which the judgment was based. *Stuart v. Stuart*, 433 P.2d 951. An action for divorce, alimony and division of property is an action of equitable cognizance, and in absence of abuse of discretion, judgment of trial court making division of jointly acquired property and awarding or denying alimony will not be set aside upon appeal. *Peters v. Peters*, 539 P.2d 26.

We have carefully examined the record and find there is sufficient ground to sustain the trial court's awarding of alimony.

■ Appellee's argument in his cross-petition, pertaining to the trial court awarding him $25,000.00 and delaying payment, was answered by the Supreme Court in *Lawson v. Lawson*, 295 P.2d 769, "[T]he award of the property to one subject to an ... lien in favor of the other complies with the statute." [12 O.S.1971, § 1278]. We further find that the trial court did not commit error in delaying the payment and refusal to charge Appellant interest on same.

■ Although we hold that Appellant (wife) is entitled to attorney fees for trial court costs, we find that Appellee is correct in his argument regarding awarding of attorney's fees without an evidentiary hearing on same, as set out by the Supreme Court in *Oliver's Sports Center, Inc. v. National Standard Ins. Co.*, 615 P.2d 291, holding as follows:

> *After January 24, 1979*, attorneys seeking a fee award are required to present detailed time records to the court and to

offer evidence of the reasonable value for the services performed, predicated on the standards within the local legal community. 36 O.S.Supp.1977, § 3629, subd. B; Code of Professional Responsibility, DR2–106; 5 O.S.A. Ch. 1, App. 3.

Accordingly the judgment of the trial court is affirmed as to all matters except the attorney's fees. This part of the decree is remanded to the trial court with directions to hear evidence and award Appellant an attorney fee reasonable and proper for her trial court costs.

Both parties are to bear the costs of this appeal equally, and each is to bear his own expense of attorney's fees, for appeal purposes.

AFFIRMED WITH DIRECTIONS.

WILSON, P. J., and REYNOLDS, J., concur.