**Goldie Marie Albin GATES, Appellant,**

v.

**Bob R. ALBIN, Appellee.**

**No. 58298.**

Supreme Court of Oklahoma.

April 26, 1983.

Jones, Gungoll, Jackson, Collins & Dodd by Stephen Jones and Susan McNaughton, Enid, for appellant.

Phipps, Johnson, Holmes & Hermanson by Kent C. Phipps, Ponca City, for appellee.

HODGES, Justice.

The questions presented are: whether the trial court erred because it did not award alimony; whether the retirement fund of the husband should be considered in the division of jointly acquired property; and if the husband should be required to pay the wife's attorney fees.

## I

■ After a marriage which lasted approximately nine years,[1] the parties, Goldie Marie Albin Gates, appellant, and Bob R. Albin, appellee, were granted a divorce and their jointly acquired property was equally divided. However, the trial court expressly excluded the husband's pension fund.[2] The wife asserts that this was error and that the court should have considered the pension fund when it divided the couple's jointly acquired property. We agree.

Subsequent to the trial of this case, this Court determined in *Carpenter v. Carpenter,* 657 P.2d 646, 650–51 (Okl.1983) that a pension fund which has been acquired during the marriage may become jointly acquired property subject to division in accordance with 12 O.S.1981 § 1278.[3]

The exigencies of a particular case can best be determined by the trial court.[4] We, therefore, remand this cause with directions to the trial court to effect a just and reasonable division of the property pursuant to 12 O.S.1981 § 1278 and *Carpenter v. Carpenter,* supra. The trial court may find, however, a fair and equitable division in this case may not necessarily be an equal division.[5] The court may consider that: the fund represents thirty years of service by the husband to his employer; the parties were married during only a portion of this time; and that, although the fund accrued the major portion of its total during coverture, funds usually accrue larger amounts in later years which reflect early years of contribution.

## II

The appellant contends that she should have been awarded alimony, but that she is willing to forego an alimony award if the court orders a division of the husband's pension fund. Based on the wife's position, and because this cause is being remanded for a division of the pension fund, we find no error in the failure of the trial court to award alimony.

## III

■ The wife also argues that she should have been awarded attorney fees at the trial level and on appeal. The trial court did not abuse its discretion in requiring the wife to pay her own attorney fees at the trial level. We further deny her request for attorney fees on appeal.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED WITH DIRECTIONS.

All the Justices concur.

---

1. His second marriage—her fourth.

2. When the parties were married, the pension fund contained $20,187.80. At the time of the divorce, the fund had increased by $58,643.41 and totaled $78,831.21.

3. It is provided by 12 O.S.1981 § 1278 in pertinent part:
   ... "As to such property, whether real or personal, which has been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof." ...

4. *Carpenter v. Carpenter,* 657 P.2d 646, 650–51 (Okl.1986).

5. *Stansberry v. Stansberry,* 580 P.2d 147, 150 (Okl.1978); *Stuart v. Stuart,* 433 P.2d 951 (Okl. 1967).