Dear Honorable Nigh,
The Attorney General has received your request for an official opinion asking, in effect:
 Are military pension plans, which are available to members of the United States armed services, considered marital assets under Oklahoma law for the purposes of distributing marital property in a domestic relations matter?
Until 1981, many state courts (particularly in community property states) held that a military pension paid by the United States government could be divided as marital property in a divorce. The Oklahoma Supreme Court, however, specifically held that a military pension could not be divided in a divorce decree because, "this would in effect destroy the husband's future livelihood and means of complying with an alimony or support award." Baker v. Baker, 546 P.2d 1325 (Okla. 1975). In 1981, the United States Supreme Court also held that military pensions could not be divided as marital property. McCarty v. McCarty, 453 U.S. 210,101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). In this case the Supreme Court characterized a military pension as a "personal entitlement" which was not subject to community property division. This holding, however, was based solely on the theory that the federal law governing military pensions preempted state community property law.
After McCarty was decided, Congress was quick to react and passed the "Uniformed Services Former Spouses' Protection Act." 10 U.S.C.A. 1408. This legislation was intended to eliminate the per se rule of "non-divisibility" set out in McCarty. H.R.Conf. Rep. No. 97-749, 97th Cong., 2d sess.49,165-68, reprinted in 1982 U.S. Code Cong. Ad. News 1555, 1569, 1570-73. See also, White v. White, 731 F.2d 1440 (9th Cir. 1984).
The new act allows, but does not require, a state to treat a military pension as the retired member's separate property, or as marital property depending on the law of that state. 10 U.S.C.A. 1408(c)(1) (Supp. 1983).See, Grant v. Grant, 685 P.2d 327 (Kan.App. 1984); In Re Marriage ofWallace, 671 P.2d 711 (Or.App. 1983). Because Congress has essentially allowed the states to deal with military pensions as they see fit, a resolution of your question will depend on the current status of Oklahoma law regarding pensions.
As earlier stated, the Oklahoma Supreme Court in Baker v. Baker, unequivocally stated that military pensions could not be the subject of property division in a divorce case. Baker relied on the case of Holemanv. Holeman, 459 P.2d 611 (Okla. 1969), for the proposition that a pension could not be divided as marital property because it would destroy the husband's ability to comply with an alimony or support award. This rationale used in Baker and Holeman, however, was criticized in Carpenterv. Carpenter, 657 P.2d 646 (Okla. 1983). The Court in Carpenter clarified its earlier position regarding the divisibility of pensions and agreed that a pension could not be divided as marital property and be used to determine the amount of support alimony. While not dealing specifically with military pensions, the Court then said the following:
 "It does not follow, however, that all pensions are necessarily the separate property of the spouse who acquires them. Neither can it be said, however, that all pensions are necessarily joint property subject to division. In some instances, specific statutory exceptions are controlling." 657 P.2d at 650.
The Court pointed out that there are specific pensions governed by statute which specifically prohibit a spouse from obtaining any marital property interest in the pension. See e.g., Udall v. Udall, 613 P.2d 742
(Okla. 1980); Umber v. Umber, 591 P.2d 299 (Okla. 1979). Rather than adopting any per se rule that a pension always is, or is not a piece of marital property subject to division upon divorce, the Oklahoma Supreme Court adopted a more flexible approach. The Court first characterized a pension as follows:
 "In any of these events, it is a valuable right which has been purchased through joint efforts of the spouses to the extent that it has been acquired or enhanced during the marriage, and as such becomes jointly acquired property during the marriage. [citation omitted]." 657 P.2d at 651.
The Court also dismissed the idea that a pension could not be considered as divisible marital property for the mere fact that the pension was conditional, unmatured or contingent at the time of the divorce. The Court specifically held that a property division, including a division of a right to a pension, was a decision within the trial court's discretion which would not be reversed absent an abuse of such discretion. It further held that such pension rights should be divided as other property rights under the guidelines of 12 O.S. 1981, 1278. The Court held as follows:
 "It must be divided between the parties `as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof.' The exigencies of a particular case can be best determined by the trial court, and unless the division of jointly acquired property made by the trial court in a divorce action is against the weight of the evidence and is inequitable, it will not be reversed or modified on appeal. [Citation omitted]." 657 P.2d at 651.
The Court reaffirmed Carpenter in Gates v. Albin, 662 P.2d 1370 (Okla. 1983), and once again held that "a pension fund which has been acquired during the marriage may become jointly acquired property subject to division in accordance with 12 O.S. 1278 (1981)." Id. at 1371.
While the Oklahoma Supreme Court has not decided a case specifically dealing with military pensions since Baker v. Baker, the Court has specifically rejected the rationale on which the case was based. As stated previously, federal law no longer preempts the State of Oklahoma from applying its own property law to military pensions.
It is, therefore, the official opinion of the Attorney General that amilitary pension earned by years of service served during the marriage isjointly acquired property which may be subject to division in accordancewith 12 O.S. 1278 (1981) and with the guidelines of the "UniformedServices Former Spouses' Protection Act." 10 U.S.C.A. 1408. The trialcourt in a divorce action has wide discretion in determining the extentof a spouse's marital property interest in his or her spouse's militarypension.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
THOMAS L. SPENCER, ASSISTANT ATTORNEY GENERAL