Miriam C. STOKES, Appellant,

v.

Henry H. STOKES,
Appellee/Cross-Appellant.

No. 63262.

Supreme Court of Oklahoma.

June 30, 1987.

Randy W. Henning, George Miskovsky, Jr., George Miskovsky, Jr. & Associates, Oklahoma City, for appellant.

Fred Vaughan, Jr., Bethany, for appellee/cross-appellant.

ALMA WILSON, Justice:

Four issues are presented in this appeal. One is presented by the appellant, and three by the appellee. The appellant asserts that the trial court erred by failing to consider the appellee's military pension in the division of jointly acquired property. The appellee argues that the appellant's appeal should be dismissed, that the alimony award was excessive, and that he should not have been ordered to pay the appellant's attorney fees.

The record reveals that the parties, Miriam C. Stokes, appellant, and Henry H. Stokes, appellee, were married for a period of twenty-three years, which was the same period of time the appellee was in the military. The trial court rendered judgment granting a divorce, awarding custody to the two minor children to the appellant and included child support. The appellant was also awarded alimony and the joint proper-

ty of the parties was divided. The trial court did not divide the pension fund.

## I

■ The first issue which we address is the appellee's motion to dismiss the appellant's appeal because she accepted and cashed one of the alimony checks subsequent to the trial court's order awarding alimony. Among the cases the appellant cites to support this proposition is *Pickering Lumber Co. v. Harris*, 140 Okla. 303, 283 P. 563 (1929) which holds that the acceptance of benefits of a judgment waives the right to appeal that judgment. We find, and so hold that a divorce proceeding requires a different result where the judgment accepted is necessary for the support and maintenance of the receiving spouse and minor children. To hold that a spouse must choose between food and the right to appeal would be grossly unfair and against enlightened public policy. *See Gordon v. Gordon*, 218 Kan. 686, 545 P.2d 328 (1976). The appellant's motion to dismiss is accordingly denied.

## II

The second issue we address is whether the trial court erred by failing to include the appellee's military pension as a part of the jointly acquired marital estate. The trial court found that the pension should not be considered as joint property and did not include it in the property division. However, that court noted in its ruling that the pension was taken into consideration in awarding support to the appellant. Finding a need by the appellant, and the ability to pay by the appellee, the court awarded her the amount of $90,000 payable at the rate of $500 per month, and subject to 12 O.S. § 1289.[1]

Title 12 O.S.Supp.1986, § 1289 was amended June 3, 1987[2] and now provides that:

"F. Pursuant to the federal Uniformed Services Former Spouse's Protection Act (PL 97–252), the provisions of subsection E of this section shall have retrospective and prospective application with regards to modifications *for the purpose of obtaining support or payments pertaining to a division of property* on divorce decrees which become final after June 26, 1981." [Emphasis added.]

That Act referred to is codified in Title 10 of the United States Code. Section 1408 (c)(1) provides:

Subject to the limitations of this section a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

The intent of Congress with regard to this Act is reflected in the Senate Report:

The purpose of this provision is to place the courts in the same position that they were in on June 26, 1981, the date of the *McCarty* decision [*McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) ], with respect to treatment of non-disability military retired or retainer pay. *The provision is intended to remove the federal preemption found to exist by the United States Supreme Court and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisible.* Nothing in this provision requires any division; it leaves that issue up to the courts applying community property, equitable distribution or other principles of

---

**1.** The form of the statute in effect at the time of judgment, August 10, 1984, was 1983 Okla.Sess. Laws, ch. 86, § 1, operative Nov. 1, 1983. The statute has been amended twice since that time: 1985 Okla.Sess.Laws, ch. 188, § 1, effective Nov. 1, 1985, and 1987 Okla.Sess.Laws, ch. 130, § 1, effective June 3, 1987 (HB 1286).

**2.** 1987 Okla.Sess.Laws, ch. 130, § 1, effective June 3, 1987 (HB 1286).

marital property determination and distribution.[3]

Clearly Congress has left the decision to the individual states to determine a military pension is marital property subject to division. The italicized portion of 12 O.S.Supp. 1986, § 1289 indicates that the Oklahoma legislature contemplated that the military pension would be divisible.

■ To consider a military pension as joint property subject to division is contrary to *Baker v. Baker*, 546 P.2d 1325 (Okl.1976) where this Court held that a trial court erred in considering Mr. Baker's military pension as property acquired during the marriage and subject to division as such. The *Baker* Court cited *Holeman v. Holeman*, 459 P.2d 611 (Okl.1969) observing that the *Holeman* Court obviously took into consideration the retirement fund in regard to setting an award of alimony for support out of the husband's future income or earning capacity.

Contrasted with the *Baker* case, *Carpenter v. Carpenter*, 657 P.2d 646 (Okl.1983) referred to both *Holeman* and *Baker*, and reflected that the rule of *Baker* disallowing division of a pension as property acquired during coverture "is misplaced as being too broad." *Carpenter*, 657 P.2d at 650. In *Carpenter* this Court held that the trial court did not abuse its discretion in awarding the husband's pension to him and in awarding jointly acquired property of equivalent value to the wife. *Carpenter* held that a pension is "a valuable right which has been purchased through joint efforts of the spouses to the extent that it has been acquired or enhanced during the marriage, and as such becomes jointly acquired property." *Carpenter*, 657 P.2d at 651.

In *Gates v. Albin*, 662 P.2d 1370 (Okl. 1983), the trial court failed to consider the former husband's pension fund when it divided the parties' jointly acquired estate. Citing *Carpenter* this Court found that the

trial court erred in failing to do so holding that "a pension fund which has been acquired during the marriage may become jointly acquired property subject to division in accordance with 12 O.S.1981 Section 1278." *Gates*, 662 P.2d at 1371. The appellee argues that Oklahoma has not yet determined whether a military pension is subject to division as part of a marital estate, and he cites *Baker*, states that it is still the law in Oklahoma and was not overruled by *Carpenter*. The appellant then attempts to distinguish a military pension from other pension plans. We are not persuaded by this argument. In addressing this same argument, the New Jersey Supreme Court has held:

> Military retirement pay, as other public employees' statutory pensions, earned because of years of service, is comparable to the pension which a retired employee is receiving under a private plan. Although federal governmental pensions may be eliminated or reduced, the employee's interest in such a pension, where all conditions precedent have been satisfied, may properly be designated as property. No sound reason justifies the treatment of this type of interest differently from other types of property, whose value could become worthless in the future e.g., the corpus of a trust may dry up or a pension plan may become bankrupt. [Citations omitted.]

*Kruger v. Kruger*, 73 N.J. 464, 375 A.2d 659, 662 (1977).

We hold that a military pension is not different from a private pension plan and accordingly may be divisible as jointly acquired property. But we must still determine if the trial court erred in awarding the appellee the military pension as separate property.

■ The decision of the trial court was handed down on August 10, 1984, after both the *Carpenter* and *Gates* cases were handed down. The court stated that in

---

**3.** S.Rep. No. 502, 97th Cong., 2d Sess. 16, reprinted in 1982 U.S. Code Cong. & Ad. News 1555, 1611.

reaching its decision, the case law cited, which included *Carpenter*, was considered. Because we have held today that such a pension may become jointly acquired property, we must decide whether the trial court found that the pension could not be considered jointly acquired, or found that it was jointly acquired and decided to award it separately. The trial court in the case at bar found "that the military pension of the defendant should not be considered as joint property...." Given the wording of the finding, its similarity to the rule of *Baker*, and the argument by appellant's counsel that if the trial court did not consider the pension joint property to take the pension into consideration in awarding alimony, we conclude that the trial court found the pension was not jointly acquired property. Accordingly, we reverse on this issue. Because the trial court considered the pension as separate property when awarding the support payment to the appellant, we direct the trial court to review both the property settlement and the alimony award to effect a just and reasonable division of the property pursuant to this opinion. Without expressing an opinion on the attorney fees awarded, we direct that on remand the trial court review those fees as well.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH DIRECTIONS.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER, SIMMS, KAUGER and SUMMERS, JJ., concur.

OPALA, J., concurs in part; dissents in part.