Annelore ROOKARD, Appellant,

v.

Jesse ROOKARD, Appellee.

No. 61279.

Supreme Court of Oklahoma.

Oct. 6, 1987.

H. Allen Johnson, Lawton, for appellant.

HODGES, Justice.

The issue presented on appeal is whether the trial court erred by failing to consider the appellee's military pension fund as jointly acquired property of the marriage. This case is considered on appellant's brief only.

Jesse Rookard (appellee) has served twenty years in the military. Of those twenty years sixteen and one-half were spent married to Annelore Rookard (appellant). The trial court granted the parties a divorce and awarded appellant $18,600 in support alimony and divided the joint property of the parties. The trial transcript reveals the trial judge specifically declined to consider the vested military pension plan of the appellee for any other purpose other than support alimony.

Pursuant to 12 O.S. 1981, § 1278 the trial court is given wide discretion in the awarding of support alimony and jointly acquired property. A judgment in order to be modified must be clearly against the weight of the evidence or an abuse of discretion. *Carpenter v. Carpenter*, 657 P.2d 646, 651 (Okla.1983); *Peters v. Peters*, 539 P.2d 26, 27 (Okla.1975).

This Court recognized in *Carpenter* that a pension is "a valuable right which has been purchased through the joint efforts of the spouses to the extent it has been acquired or enhanced during the marriage, and as such becomes jointly acquired property." *Carpenter*, 657 at 651. This Court recently held in *Stokes v. Stokes*, 738 P.2d 1346 (Okla.1987), a military pension is not different from a private pension plan and accordingly may be divisible as jointly acquired property. *Stokes* is controlling and governs the disposition of the instant case.

Because the trial court specifically declined to consider appellee's military pension fund as jointly acquired property, we reverse and remand the case to the trial court for review of the property and alimony award to effect a just and equitable property division, including consideration of the value of the military pension as jointly acquired property, to the extent it

was jointly acquired, pursuant to this opin-
ion.

All the Justices concur.