**Ann K. GREER, Appellant,**

v.

**Roy R. GREER, Appellee.**

**No. 69956.**

Supreme Court of Oklahoma.

March 12, 1991.

Carl A. Barnes, Tulsa, for appellant.

P. Thomas Thornbrugh, Tulsa, for appellee.

LAVENDER, Justice.

The pivotal question presented on certiorari is whether this court will uphold a consent decree wherein the parties expressly agreed to a retroactive modification of the order regarding division of military retirement benefits. In accordance with precedential case law, this court will recognize the right of a party to freely contract the disposition of their property in contemplation of divorce.

## FACTS

Ann and Roy Greer were married on April 23, 1955 in Enid, Oklahoma. They separated December, 1979 and were divorced by decree on June 30, 1981. Appellant is totally and permanently disabled. Appellee was retired from the military. On June 26, 1981, the United States Supreme Court ruled in *McCarty v. McCarty*,[1] military retirement benefits were not joint property subject to division. Appellee's armed serviceman's retirement benefits were set aside as his separate property in the divorce decree. A property settlement agreement was incorporated by reference into the decree. This agreement stated in pertinent part:

That in the event Congress shall pass laws pertaining to the rights of a spouse of a retired serviceman after a divorce, in the armed serviceman's retirement benefits, medical and health benefits available to the dependents of a retiree, or other benefits, and (sic) Ann K. Greer shall be entitled under this Agreement to any such benefits which said laws may bestow upon her.

On February 1, 1983, the United States Congress passed The Uniform Services Former Spouse's Protection Act.[2] This Act permitted states to reopen those cases that became final after June 26, 1981 and apply state law regarding the division of retirement benefits in divorce proceedings. Section 1408(c)(1) states:

Subject to the limitations of this section a court may treat disposable retired or retainer pay payable to a member for pay periods beginning June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court.

The Oklahoma Legislature on June 3, 1987 passed 12 O.S. § 1289. Section § 1289(F) reads as follows:

Pursuant to the federal Uniformed Services Former Spouse's Protection Act (PL 97–522), the provisions of subsection E of this section shall have retrospective and prospective application with regards to modifications for the purpose of obtaining support or payment pertaining to a division of property on divorce decrees which become final after June 26, 1981.[3]

On August 25, 1987, Appellant entered a motion to reopen her case for a determination of the parties property rights as of the date of the divorce pursuant to said legislation. Appellee moved to dismiss the Motion to Modify and the trial court sustained the motion.

1. 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

2. 10 U.S.C. § 1401 et seq. (1983).

3. We distinguish *Clifton v. Clifton*, 801 P.2d 693 (Okl.1990), from the case at bar in that *Clifton* held a property settlement award could not be modified in a post-decretal hearing pursuant to

12 O.S.Supp.1987 § 1289(F). However, in this case, the parties contemplated and agreed to a future modification of Appellee's retirement benefits. These benefits, awarded to Appellee in the decree, were awarded subject to being modified in the future. The statute now permits division of these benefits and the agreement provides for the retroactive modification.

## PART I

In reviewing this question of law, we conclude the trial judge erred in granting Appellee's motion to dismiss. In rendering its decision, the trial judge noted the purpose of U.S. Congressional legislation as reflected in the Senate Report was:

[T]o place the courts in the same position that they were in on June 26, 1981, the date of the McCarty decision ... with respect to treatment of non-disability military retired or retainer pay. The provision is intended to remove the federal preemption found to exist by the United States Supreme Court and permit State and other courts of competent jurisdiction to apply pertinent State or other laws in determining whether military retired or retainer pay should be divisible. Nothing in this provision requires any division; it leaves that issue up to the courts applying community property, equitable distribution or other principles of marital property determination and distribution.

The trial judge interpreted this to mean the *dispositive* law was that *in effect as of June 26, 1981.* Since as of that date, *Baker v. Baker,*[4] held retirement benefits were not subject to division by the court, the trial judge likewise ruled Appellant was not entitled to a division of Appellee's military benefits. We do not agree.

At the time this divorce became final, Appellant was precluded from petitioning the trial court to rule on Oklahoma law concerning property division of military benefits since the United States ruling in *McCarty* preempted state law. Other litigants, however, were afforded the opportunity to challenge the rule in *Baker* and it was finally overturned in *Carpenter v. Carpenter,*[5] and subsequent decisions.[6] Moreover, in *Carpenter* we concluded the very basis for our decision in *Baker* was in error.

However, upon further consideration, *we now find that our reliance in Baker ...* upon *Holeman [v. Holeman,* 459 P.2d 611 (Okl.1969)]* and the cases cited in *Heuchan v. Heuchan* [38 Wash.2d 207, 228 P.2d 470 (1951)] ... for the observation that: "All of these cases would, by implication, rule out the consideration of a pension as property acquired during coverture and subject to division between the parties," *is misplaced as being too broad* for the reasons hereinafter set forth.... It does not follow ... that all pensions are necessarily the separate property of the spouse who acquires them.[7]

We see no reason to perpetuate the *Baker* legacy. To again deny Appellant the right to seek an equitable division of property in this divorce action seems particularly unjust given its unique set of facts.

## PART II

■ Appellee admits this was a consent agreement entered into by the parties. This court has repeatedly held that parties may enter into a consent divorce decree, which cannot be subsequently modified *except by the consent of the parties.*[8] The Property Settlement Agreement incorporated by reference in the Decree of Divorce *was approved by both parties as to its form and content* and provided for future modification in the document itself. Both parties appeared in person and both were represented by counsel. Appellee was awarded his retirement benefits *subject to* the contingency that congressional action might permit subsequent division of those benefits. We are not dealing therefore, with modification of "vested" property rights.

Appellee argues that paragraph nine (9) of the agreement allowing for the subsequent modification has been taken out of context. He contends that this particular

---

4. 546 P.2d 1325 (Okla.1976).

5. 657 P.2d 646 (Okla.1983).

6. *See Gates v. Albin,* 662 P.2d 1370 (Okla.1983); *Stokes v. Stokes,* 738 P.2d 1346 (Okla.1987); *Rookard v. Rookard,* 743 P.2d 1083 (Okla.1987).

7. *Carpenter,* 657 P.2d at 650.

8. *See Perry v. Perry,* 551 P.2d 256 (Okla.1976).

paragraph refers back to paragraph one (1) of the agreement allowing for "a greater installment payment from the allotment in the event the husband's disposable retirement pay increased." [9] Further, he states that his retirement benefits were considered as joint property "notwithstanding prior case law" and that Appellant waived her right to a division of property when she "agreed to take as support alimony $38,280 paid over ten years by direct allotment of one half of the husband's benefits." [10] These are meritless arguments.

The relevant part of paragraph one of the agreement states:

Ann K. Greer is also to receive a judgment for support alimony in the amount of Thirty–Eight Thousand Two Hundred Eighty Dollars, ($38,280), to be paid over a period of ten (10) years from the date of the Decree of Divorce to be entered in the above stated divorce proceeding, by agreement of the parties through a direct allotment disbursement to Ann K. Stevenson, formerly known as Ann K. Greer, out of Roy R. Greer's armed serviceman's retirement benefits, said allotment to amount to be equal to one-half (½) of Roy R. Greer's monthly benefit payment as presently constituted and as it may be constituted in the future by reason of any Congressional action or cost of living increases, or otherwise, said allotment presently being in the sum of Three Hundred Nineteen Dollars, (319.00). Roy R. Greer shall submit to Ann K. Greer reasonable proof from time to time, as to the then amount of said monthly benefit and as to when increases in said monthly benefit take effect.

We do not find by any stretch of the imagination that paragraph nine relates to paragraph one in which Appellant was awarded *support* alimony and which addresses *subsequent living increases* as may be authorized by Congress. By its plain wording, paragraph nine deals with such *additional* benefits as Appellant *may in the future be entitled to* under after enacted legislation.

While it is true that Appellant's *support* alimony was to be paid out of funds Appellee received from his military pay, it is categorically impossible to construe this as saying that Appellee's retirement benefits were considered as joint property subject to division. Given the mandate of *McCarty* which at the time of the Greer's divorce held *"[f]ederal law precludes a state court from dividing military retired pay pursuant to state community property laws,"* [11] a trial judge *could not have considered military retirements as joint property.* Moreover, there is no evidence the court ever considered the *total* value of this pension in awarding property division, or the parties considered it in arriving at the settlement agreement.

Nor do we agree Appellant "waived" her right to any future division of Appellee's retirement benefits by accepting other property and support alimony. There was no evidence Appellant was awarded other property as a set off for the reason the pension was not assigned a *total* value for which other property could have been set off against it.

■ Second, support alimony is not alimony in lieu of a division. Support alimony is exactly what its name implies, alimony for support and maintenance. Alimony *in lieu of a division* is given for satisfaction of a property division obligation. These are distinct obligations and the acceptance of one does not by implication waive the right to the other.

Paragraph four of the property agreement provided for *support* alimony in that Appellant was "totally and permanently disabled and her only supportive income in addition to her disability benefits will be the support alimony herein agreed to be paid...." [12] Conversely, paragraph nine of the agreement indicates the parties anticipated congressional action and agreed

---

9. Appellee's Answer in Opposition To Appellant's Petition For Writ of Certiorari at 4.

10. *Id.* at 3.

11. *McCarty,* 453 U.S. at 210, 101 S.Ct. at 2730.

12. Record at 7.

Appellant had a right to subsequent modification of *property*, i.e. Appellee's retirement benefits, as provided for by law.

We are cognizant, however, that prior to the time when pensions could be divided, the existence of the pension was sometimes "taken into account" in awarding support alimony. If that be true in the case at bar, then on remand the trial court may determine Appellant is not entitled to an equal division of the benefits in arriving at an equitable determination. "The exigencies of a particular case can be best determined by the trial court ... who has wide discretion as to property division in divorce proceedings." [13]

## PART III

■ The Court of Appeals determined that notwithstanding the trial judge's erroneous reliance on *Baker, Holeman v. Holeman*,[14] was dispositive of the case at bar. In *Holeman* we held a pension may not be divided between spouses as jointly acquired property and in addition be the basis for awarding support alimony.[15] We based this on the fact that to divide the retirement fund "as jointly acquired property ... would in effect destroy plaintiff's future livelihood and means of complying with the alimony award." [16] The appeals court concluded that "[t]his rule ... has survived the apparent change of treatment of military retirement as a divisible asset evinced by *Carpenter* and its progeny ..." [17] The court further stated "that it would be unfair at this juncture to allow Appellant to seek an additional property division award from Appellee's military retirement fund, from which Appellant receives her agreed spousal support." [18] We disagree.

We contend that it is exactly at this "juncture" both parties agreed to modify Appellee's benefits. The agreement stated that Appellant would be entitled to medical and health benefits as well as other benefits afforded the spouse of a retired serviceman after divorce if the law so provided. Appellant is merely requesting the right afforded her under federal and state legislation to have an equitable consideration of the umbrella of benefits now available for division.

Moreover, though the case may still exist in which the rule of law handed down in *Holeman* applies, this is not the one. There is no evidence before this court that a division of Appellee's retirement benefits "would in effect destroy [Appellee's] future livelihood and means of complying with the alimony award." [19] Presently, Appellee is paying out one-half of his military retirement benefits to Appellant, however, these payments end in 1991. Thereafter, Appellee would be in a position to satisfy whatever property division obligation is owed Appellant.

Appellee's motion for counsel fees and costs is hereby denied. Moreover, Appellee in his motion for "costs" lists expenses for photocopying, Federal Express, etc. We ruled some years ago that such expenses are not recoverable as "costs." *City of Moore v. Central Oklahoma Master Conservancy District.*[20]

For the reasons specified, the Court of Appeals' decision is VACATED; Cause REMANDED for a determination of Appellant's entitlement to Appellee's retirement benefits consistent with the views herein expressed.

SIMMS, DOOLIN, KAUGER and SUMMERS, JJ., concur.

ALMA WILSON, J., concurs in result.

OPALA, C.J., HODGES, V.C.J., and HARGRAVE, J., dissent.

---

13. *Carpenter,* 657 P.2d at 651.

14. 459 P.2d 611 (Okla.1969).

15. *Id.* at 614.

16. *Id.*

17. Greer v. Greer, No. 69,956 at 3 (Ct.App. June 27, 1989) (unpublished).

18. *Id.*

19. *Holeman,* 459 P.2d at 614.

20. 441 P.2d 452 (Okla.1968).

ALMA WILSON, Justice, concurring in result:

The result reached by the majority in the case at bar is correct. But the result is reached by carving out an exception to *Clifton v. Clifton*, 801 P.2d 693 (Okla. 1990). That case states in the Conclusion that "Property division provisions stand inviolate by actions of the divorced parties unless they act to vacate, set aside, or modify the decree in a manner authorized by statute." Consistent with *Perry v. Perry*, 551 P.2d 256 (Okla.1976), the majority opinion in the case at bar provides for an exception to *Clifton* if a consent decree includes a provision for subsequent modification of the property settlement involving military retirement benefits. Therefore the attorneys who were able to foresee that the United States Congress would overrule *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) and subsequently permit division of military retirement pay upon divorce and that this Court would subsequently permit such a division in *Stokes v. Stokes*, 738 P.2d 1346 (Okla. 1987), have protected their clients. The lesson from the holding of this case must be to fill divorce decrees with boilerplate language in the event that the law may change.

I firmly hold to my opinion that *Clifton* was incorrectly decided. See dissent, *Clifton*, 801 P.2d at 698. The construction of 12 O.S.Supp.1990, § 1289(F) to limit retroactive reopening of divorce decrees to modifications of payments of alimony as support had to contort the subsection to reach the result. The case held that "In the absence of fraud, a property settlement award, as opposed to an award for support alimony, cannot be modified in a post-decretal hearing." By that holding the majority in *Clifton* makes general, prior law control over a subsection which was specific and added later in time, all of this against the rules of statutory construction. *Clifton*, 801 P.2d at 701 (dissenting opinion). *Clifton* should be overruled.

OPALA, Chief Justice, dissenting.

I recede from the court's view that the interspousal agreement here in contest pro-vides a consensual foundation for a post-decree reallocation of those marital assets which were neither legally available nor reachable for division at the time the parties' marriage was dissolved.