**Paul W. HART, Appellant,**

v.

**Carol Lynn HART, Appellee.**

**No. 74462.**

Supreme Court of Oklahoma.

July 19, 1994.

Order Clarifying Holding on Limited Grant of Rehearing July 19, 1994.

William F. Raynolds, II, Tulsa, for appellant.

C. Michael Zacharias, N. Scott Johnson, Tulsa, for appellee.

KAUGER, Justice.

The single dispositive issue is whether the divorce decree may be modified to divide military retirement benefits as marital property.[1] We find that this cause is governed by our holding in *Clifton v. Clifton*, 801 P.2d 693, 698 (Okla.1990) that 12 O.S.Supp.1987 § 1289(F)[2] may not serve as a vehicle for modifying a divorce decree to divide military retirement benefits as spousal property if the benefits were not legally divisible at the time of divorce. Because the military retirement benefits were not divisible when the decree was entered, the husband's failure to disclose the existence of the benefits will not support the modification of the divorce decree.

## FACTS

The appellant, Paul K. Hart (husband), and the appellee, Carol Lynn Hart (wife), were married on August 30, 1958. After the marriage, the husband began active duty in the United States Air Force. He later retired, and he began drawing his military retirement benefits. During the marriage, three children where born. On July 15, 1986, the parties executed a property settlement agreement. A week later, the husband filed for divorce. The wife was not represented by counsel when she signed the property settlement agreement[3] or in the divorce pro-

---

1. The wife alleges that her cause is governed by 12 O.S.1981 § 95, and that her motion to vacate the property settlement incorporated into the divorce decree was timely. The husband insists that the cause is governed by 12 O.S.1981 §§ 1031 and 1038. Because the military retirement benefits could not have been divided at the time of the divorce, whether intrinsic or extrinsic fraud was practiced in the husband's failure to reveal the benefits is immaterial. See, *Chapman v. Chapman*, 692 P.2d 1369, 1372–73 (Okla. 1984). Title 12 O.S.1981 § 95 provides in pertinent part:

   "Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:
   ... Third. Within two (2) years ... an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud...."

   The motion to vacate the divorce decree was filed on March 9, 1989. References are made to the 1981 version of § 95. It remains unaltered since its last revision in 1971.

   Title 12 O.S.1981 § 1038 provides in pertinent part:
   "Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions four, five and seven, of Section 5267 [Section 1031 of this title] must be commenced within two (2) years after the judgment was rendered or order made ...."

   Title 12 O.S.1981 § 1031(4) provides in pertinent part:
   "The district court shall have power to vacate or modify its own judgment or orders within the times prescribed hereafter:
   ... Fourth. For fraud, practiced by the successful party, in obtaining the judgment or order...."

   Although § 1038 was amended effective June 1, 1991, the quoted language remains virtually identical to its 1981 predecessor. The trial court's decision was made with reference to the 1981 statutes. These statutes remain substantively unchanged in the 1991 recodification.

2. Title 12 O.S.Supp.1987 § 1289(F), now renumbered as 43 O.S.1991 § 134(F), provides:

   "Pursuant to the federal Uniformed Services Former Spouse's Protection Act (PL 97–252), the provisions of subsection E of this section shall have retrospective and prospective application with regards to modifications for the purpose of obtaining support or payments pertaining to a division of property on divorce decrees which become final after June 26, 1981."

3. The wife testified that the property settlement agreement was signed in the couple's home. The husband indicated that he thought it had been signed in his lawyer's office. Although the prop-

ceeding. She waived notice of the hearing and entry of appearance. On August 22, 1986, the trial court issued a divorce decree incorporating the property settlement agreement. The property settlement did not list the marital assets or its debts. Instead, it provided that assets and property acquired during the marriage would be equitably divided. The husband assumed all the marital debts.[4]

The wife learned that she might be entitled to a portion of her husband's military retirement in November of 1988. On March 9, 1989, she filed a motion to vacate the agreed property settlement.[5] In the motion to vacate, the wife alleged that her husband committed legal fraud by inducing her to sign the property settlement agreement.[6] She sought a redistribution of the property, including the military pension. On October 4, 1989, after a trial on the merits, the district court vacated the divorce decree. It ordered that the military pension should be included in the marital estate.

The husband filed a motion for new trial on September 21, 1989. The district court overruled the motion, and the husband appealed. The Court of Appeals held that the wife's suit was barred by title 12 O.S. 1981 § 1038's two year statute of limitations for vacation of a judgment. Despite its finding that the action was time-barred under § 1038, the Court of Appeals indicated that the wife could have instituted a new action based on extrinsic fraud. Had she done so, the appellate court indicated: 1) that the provisions of 12 O.S.1981 § 95(3) would apply; and 2) that the cause would be timely if filed within two years of the discovery of extrinsic fraud.[7] The cause was remanded for a determination of reasonable appeal-related attorney's fees. We granted certiorari on March 16, 1993, to consider a single dispositive issue: whether the divorce decree may be modified to divide military retirement benefits as marital property.

## THE DIVISION OF MILITARY RETIREMENT BENEFITS IS CONTROLLED BY THIS COURT'S PRONOUNCEMENT IN *CLIFTON v. CLIFTON*, 801 P.2d 693, 698 (Okla.1990). BECAUSE THE MILITARY RETIREMENT BENEFITS WERE NOT DIVISIBLE WHEN THE DECREE WAS ENTERED, THE HUSBAND'S FAILURE TO DISCLOSE THE EXISTENCE OF THE BENEFITS WILL NOT SUPPORT THE MODIFICATION OF THE DIVORCE DECREE.

Because this appeal is governed by our pronouncement in *Clifton v. Clifton*, 801 P.2d 693, 698 (Okla.1990),[8] we need not ad-

---

erty settlement agreement indicates that the wife had been advised of her rights, it is undisputed that she was not represented by counsel. The property settlement agreement provides in pertinent part:

"... IT IS FURTHER UNDERSTOOD by and between the parties that they have entered into this agreement in contemplation of their divorce, and have both been fully advised of their respective rights and privileges in the absence of this Agreement...."

4. From the testimony elicited at the hearing on August 14, 1989, it appears that any marital debt was minimal.

5. The wife also filed a motion to modify child support and child custody. The trial court's decision on these issues is not before us on certiorari.

6. The motion to vacate provides in pertinent part:

"... 2. Defendant avers she was induced, coerced and threatened by her husband who exercised a dominant, fiduciary control over her. Defendant further asserts that her husband threatened if she failed to sign, sought legal counsel, or attempted to contest the divorce that he would take custody of the children and leave her without any assets...."

7. The Court of Appeals relied upon *Chapman v. Chapman*, 692 P.2d 1369, 1372 (Okla.1984). In *Chapman*, we stated that when an action is premised on extrinsic fraud, the action is by independent suit rather than by a vacation of the original cause. However, it is irrelevant whether the attack is collateral or direct, when the party pleads extrinsic fraud. *Gray v. McKnight*, 75 Okl. 268, 183 P. 489, 494 (1919); *Griffin v. Culp*, 68 Okl. 310, 174 P. 495, 497 (1918).

8. See also, *Messenger v. Messenger*, 827 P.2d 865, 869 (Okla.1992) (*Messenger* also held that support alimony payments were not subject to modi-

dress the timeliness of an action brought pursuant to 12 O.S.1981 § 95.[9] In *Clifton*, we held that 12 O.S.Supp.1987 § 1289(F) [10] may not serve as a vehicle for modifying a divorce decree to divide military retirement benefits as spousal property if the benefits were not legally divisible at the time of divorce. However, we recognized in *Clifton* that, pursuant to 12 O.S.1981 § 1279,[11] divorce decrees may be modified when the prevailing party has committed fraud. Nevertheless, *Clifton* does not provide that military retirement pensions **not divisible at the time of divorce** may be considered as marital property if they have been secluded from the retiree's spouse.[12]

Military retirement pensions first became divisible under 12 O.S.Supp.1987 § 1289(F) on June 2, 1987.[13] The instant divorce was granted almost a year earlier on August 22, 1986. **When the divorce decree was entered, military retirement benefits were not subject to division in Oklahoma.** Therefore, the husband's failure to reveal the existence of the military retirement benefits to his wife is immaterial—the wife was not entitled to a portion of the military benefits on the date of the divorce. She may not request now their division.[14] Because the

military retirement benefits were not divisible when the decree was entered, the husband's failure to disclose the existence of the benefits will not support the modification of the divorce decree.

The wife asserts that *Stokes v. Stokes*, 738 P.2d 1346 (Okla.1987) supports her attempt to modify the property settlement in the divorce decree. We disagree. The procedural posture of *Stokes* distinguishes it from the present case. In *Stokes*, the wife appealed the trial court's refusal to include in the marital estate the husband's military pension. We held that the pension could be included in the marital estate and remanded for further consideration by the trial court. *Stokes* did not require this Court's interpretation of Section 1289(F) with regard to a *retrospective modification* of the property division in a divorce decree. We did not address in *Stokes* the question of whether the property division in a divorce decree could be retrospectively modified. It is *Clifton v. Clifton*, 801 P.2d 693 (Okla.1990) in which this precise issue was raised and addressed by this Court. It is *Clifton* which governs this case.

## CONCLUSION

This cause is governed by our holding in *Clifton v. Clifton*, 801 P.2d 693, 698 (Okla.

---

fication on the basis of after-enacted legislation.); *Barth v. Barth*, 803 P.2d 1117, 1118 (Okla.1990).

**9.** See, 12 O.S.1981 § 95, note 1, supra, and accompanying discussion.

**10.** Title 12 O.S.Supp.1987 § 1289(F), see note 2, supra.

**11.** Title 12 O.S.1981 § 1279, renumbered as 43 O.S.1991 § 122, provides:

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and shall be a bar to any claim of either party in or to the property of the other, except in cases where actual fraud shall have been committed by or on behalf of the successful party."

**12.** Military retirement benefits were not divisible before the enactment of 12 O.S.Supp.1987 § 1289(F), see note 2, supra. If, the acts taken by the husband here had been committed after the effective date of § 1289(F), and the existence of the military retirement benefits had been secreted from the wife, the divorce decree would be modifiable pursuant to 12 O.S.1981 § 1279, see note 11, supra. In that situation, seclusion of the military retirement benefits would have re-

sulted in marital property, subject to division, being set aside to the husband.

**13.** *Baker v. Baker*, 546 P.2d 1325, 1326 (Okla. 1975) (overruled in *Greer v. Greer*, 807 P.2d 791, 793 (Okla.1991), held that a military retirement pension could not be considered for purposes of property division, but that it could be considered when setting alimony for support. *Baker* was distinguished in *Carpenter v. Carpenter*, 657 P.2d 646, 650–51 (Okla.1983) in which the Court found that not all pensions are the separate property of the spouse who acquires them and that all pensions are not necessarily the joint property of the marriage subject to division. Here, the pension was not subject to division until the enactment of 12 O.S.Supp.1987 § 1289(F), see note 2, supra—effective one year after the divorce was entered. This is not a case in which the military pension has been rendered divisible by an agreement of the parties. *Greer v. Greer*, see this note, supra (Parties agreed that if military benefits became divisible, the wife would be entitled to her share of benefits.).

**14.** *Messenger v. Messenger*, see note 8, supra; *Barth v. Barth*, see note 8, supra; *Clifton v. Clifton*, 801 P.2d 693, 698 (Okla.1990).

1990) that 12 O.S.Supp.1987 § 1289(F) may not serve as a vehicle for modifying a divorce decree to divide military retirement benefits as spousal property if the benefits were not legally divisible at the time of divorce. Because the military retirement benefits were not divisible when the decree was entered, the husband's failure to disclose the existence of the benefits will not support the modification of the divorce decree.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, OPALA, SUMMERS and WATT, JJ., concur.

ALMA WILSON, dissents.

ALMA WILSON, Justice, dissenting:

I dissent for the reasons stated in my dissent to *Clifton v. Clifton,* 801 P.2d 693, 698 (Okla.1990).

### ORDER ON REHEARING

HODGES, Chief Justice.

Appellee has filed a motion for rehearing. We have granted Appellee's Petition for Rehearing for the limited purpose of clarifying our holding as to *Stokes v. Stokes,* 738 P.2d 1346 (Okla.1987). We add the following paragraph to the original opinion, promulgated June 2, 1993 (64 OBJ 1857) immediately preceding the section "CONCLUSION":

[Editor's Note: Change incorporated for publication purposes.]

Appellant filed a motion for attorneys fees. This motion is denied. See 43 O.S.1991 § 110.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 18TH DAY OF JULY, 1994.

LAVENDER, V.C.J., and KAUGER, SUMMERS and WATT, JJ., concur.

1. The pertinent terms of Rule 1.14, 12 O.S.1991, Ch. 15, App. 2, Rules of Appellate Procedure in Civil Cases, provide:

HARGRAVE and ALMA WILSON, JJ., dissent.

SIMMS, J., no vote.