33 F.3d 52
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Douglas Edmund MAGILL, Debtor.
Douglas Edmund MAGILL, Plaintiff-Appellant,
v.
EVANS, GEORGE and BRONSTEIN, Defendant-Appellee.
 No. 93-2426.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 29, 1994.
Decided August 10, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (CA-93-217-N, BK-92-5-923, BK-92-5241)
 Jay Fred Cohen, Baltimore, MD, for appellant.
 L. Robert Evans, Michael J. Chomel, Evans, George & Bronstein, Towson, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before HALL, HAMILTON and MICHAEL, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Douglas Edmund Magill appeals from the district court order affirming the bankruptcy court's determination that the award of attorney fees to his former wife in their divorce decree was not dischargeable in Magill's bankruptcy case. We affirm.
 
 
 2
 Pursuant to a divorce decree, the Circuit Court of Baltimore County, Maryland, ordered Magill to pay his ex-wife's attorney fees. The court later modified the decree to provide that the fees were to be paid to Mrs. Magill, rather than directly to her law firm, Evans, George and Bronstein. Mrs. Magill then assigned to Evans, George and Bronstein, her right to payment from Mr. Magill. In her bankruptcy petition, Mrs. Magill listed Evans, George and Bronstein as a creditor and listed the attorney fees resulting from the divorce action as a debt. Her debts were discharged.
 
 
 3
 Mr. Magill subsequently filed a voluntary Chapter 7 petition in the bankruptcy court. He listed the attorney fees owed to Evans, George and Bronstein as a debt. Magill was granted a discharge of "all dischargeable debts."
 
 
 4
 Evans, George and Bronstein filed an adversary proceeding in the bankruptcy court, seeking a determination that the debt owed them by Mr. Magill was not discharged in his bankruptcy case. Evans, George and Bronstein asserted that the debt was in the nature of "alimony, maintenance and support" and was nondischargeable under 11 U.S.C.A. Sec. 523(a)(5) (West 1993). The bankruptcy court granted summary judgment for Evans, George and Bronstein, finding that the debt was nondischargeable and was valid and subsisting. The district court affirmed the bankruptcy court's order, finding that a hearing was not necessary because Magill failed to show that any facts were in dispute.
 
 
 5
 Magill appealed the district court's order, contending that a hearing should have been conducted to determine whether the award of attorney fees was in fact alimony, maintenance, or support.* He also contends that the debt was dischargeable under the assignment clause of Sec. 523(a)(5)(A).
 
 
 6
 Magill failed to present any factual evidence to support his contention that summary judgment was improper. See Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The only issue before the court was whether the fee award was discharged in Magill's bankruptcy. This legal question was properly determined without an evidentiary hearing.
 
 
 7
 Section 523(a)(5)(A) excepts from discharge, a debt to a spouse or former spouse for alimony, maintenance, or support in connection with a divorce decree, "but not to the extent that--(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise." 11 U.S.C.A. Sec. 523(a)(5)(A) (West 1993). Payment of the support, maintenance, or alimony need not be paid directly to the spouse or ex-spouse. In re Calhoun, 715 F.2d 1103, 1107 (6th Cir.1983); see In re Spong, 661 F.2d 6, 10-11 (2d Cir.1981). Because the assignment to her attorney of the counsel fees awarded to a debtor's ex-wife does not render dischargeable the debtor's liability to the attorney, Daumit, 25 B.R. at 373, we find that the fee award to Mrs. Magill, in the nature of alimony, support, and maintenance, is not rendered dischargeable in Mr. Magill's bankruptcy proceeding by the assignment of the award to Evans, George and Bronstein. See Spong, 661 F.2d at 9 (dischargeability determined by substance, not form, of liability).
 
 
 8
 Mr. Magill's debt, in the nature of alimony, maintenance and support, is not dischargeable in his bankruptcy proceeding. Silansky, 897 F.2d at 744-45; see 11 U.S.C.A. Sec. 523(a)(5). We therefore affirm the district court order affirming the bankruptcy court's declaration that the debt owed by Magill to Evans, George and Bronstein was nondischargeable. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Magill denies having conceded in the district court that the fee award was alimony, support, or maintenance. His submissions to this Court appear to support his concession of this issue. Conceded or not, the award of attorney fees under the divorce decree are in the nature of alimony, support, or maintenance. In re Daumit, 25 B.R. 371, 373 (Bankr.D. Md.1982); see In re Silansky, 897 F.2d 743, 744 (4th Cir.1990)